**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM BLOUNT | : | |
| | : | |
| Appellant | : | No. 1801 EDA 2022 |

Appeal from the PCRA Order Entered July 6, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0307941-2002

BEFORE: BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 08, 2024**

Appellant, Kareem Blount, appeals from the post-conviction court's July 6, 2022 order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The PCRA court summarized the facts of Appellant's case, as follows:

On December 6, 2001, victims … Kareema Freeman and … Heather Franklin were sitting in their parked vehicle outside of a McDonald's Restaurant at the intersection of Broad Street and Allegheny Street. [Appellant] and a confederate[, Kassim Hackett,] entered the vehicle in the back seat, pointing two guns at the women. The co-conspirators demanded that the women surrender their possessions to them. They also demanded that the women leave the vehicle. The co-conspirators fled the scene in the stolen vehicle. The next day, the police spotted the stolen vehicle running a red light on Broad Street. [Appellant] was operating the vehicle.[1] [Appellant] did not stop when the officer

---

[1] According to Appellant, Hackett was also in the car, as well as a third man, Carl Hardman. **See** Appellant's Brief at 3.

activated his car's lights and sirens, and a chase began. The chase lasted around thirty (30) seconds, at which point [Appellant] lost control of the vehicle, which hit a tree. [Appellant] and [Hackett] were then taken into custody and brought to the police station. At the station, both victims of the robbery identified [Appellant] in a lineup.

PCRA Court Opinion (PCO), 10/4/22, at 2-3.

Appellant was ultimately charged with two counts of robbery and one count each of robbery of a motor vehicle, criminal conspiracy, theft by unlawful taking, and simple assault. Following a jury trial, he was convicted of all charges. On May 27, 2003, the court sentenced Appellant to an aggregate term of 30 to 60 years' incarceration. He filed a timely direct appeal and, after this Court affirmed his judgment of sentence, our Supreme Court denied his subsequent petition for allowance of appeal on April 19, 2005. *See Commonwealth v. Blount*, 858 A.2d 1271 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 872 A.2d 1197 (Pa. 2005).

Over the next decade, Appellant litigated two unsuccessful PCRA petitions. On October 30, 2020, he filed another, *pro se* PCRA petition, and a *pro se* amended petition on February 12, 2021. Appellant subsequently retained counsel, who entered his appearance and filed another amended petition on Appellant's behalf on September 24, 2021. Therein, Appellant averred:

10. On September 17, 2020, Hackett came forward and signed an affidavit in which he took responsibility for the robbery, explained that [Appellant] was not present for the robbery, and that he had sold the car to [Appellant] without telling him it was stolen. *See*, Exhibit 'A.'

- 2 -

11. On December 29, 2020, Hackett signed another affidavit and revealed who the second robber was (Charles Smith). ***See***, Exhibit 'B.'

12. [Appellant] mailed his second amended PCRA petition for filing on February 12, 2021.

13. In March, 2021, Lashonda Sutton, [Appellant's] friend, finally indicated a willingness to come forward and explain that [Appellant] was with her on December 6, 2021[,] at the time of the crime, and that he was not at the scene of the crime.

14. Sutton has been interviewed by an investigator and her affidavit is forthcoming.

Amended PCRA Petition, 9/24/21, at 3-4 (footnote omitted). Appellant thereafter filed another amended PCRA petition attaching Sutton's affidavit in which she claimed she was with Appellant on the night of the robbery. ***See*** Amended Petition, 12/10/21, at Exhibit C.

On May 11, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis that it was untimely and met no timeliness exception. Appellant filed a *pro se* response on June 1, 2022, but on July 6, 2022, the court issued an order dismissing his petition. Appellant filed a timely notice of appeal, and he also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court issued a Rule 1925(a) opinion on October 4, 2022. Herein, Appellant states two issues for our review:

1. Did the PCRA [c]ourt err by summarily dismissing [Appellant's] PCRA claim of newly and after[-]discovered evidence in the form of one of the perpetrators' exculpation of [Appellant]?

- 3 -

2. Did the PCRA [c]ourt err by summarily dismissing [Appellant's] PCRA claim of newly and after[-]discovered evidence in the form of an alibi witness who was not willing to come forward until the instant proceedings?

Appellant's Brief at 2.

Initially, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on July 18, 2005, ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, a petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal, since the petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, Appellant had until July 18, 2006, to file a timely petition, and his petition filed in October of 2020 is patently untimely. Accordingly, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that he meets the newly-discovered fact exception of section 9545(b)(1)(ii) based on the affidavits he obtained from Hackett and Sutton. In rejecting Appellant's claim and dismissing his petition, we note that the PCRA court incorrectly discussed the requirements for relief

under 42 Pa.C.S. § 9543(a)(2), and repeatedly referred to Appellant's claim as one of after-discovered evidence. *See* PCO at 4, 5-7. As our Supreme Court has clarified,

> the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2). To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *Commonwealth v. D'Amato*, … 856 A.2d 806, 823 ([Pa.] 2004); *see* [*Commonwealth v.*] *Cox*, 146 A.3d [221,] 227–28 [(Pa. 2016)] ("Once jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three exceptions to the PCRA's time-bar), the relevant inquiry becomes whether the claim is cognizable under [Section 9543] of the PCRA.").

*Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017).

Nevertheless, this Court is permitted to affirm the lower court "on any valid basis, as long as the court came to the correct result…." *Wilson v. Transport Ins. Co.*, 889 A.2d 563, 577 n.4 (Pa. Super. 2005) (citations omitted). Here, we agree with the PCRA court's dismissal of Appellant's petition because we conclude, for the reasons stated *infra*, that he has failed to meet the due diligence requirement of the newly-discovered fact exception of section 9545(b)(1)(ii). We have explained:

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011).

***Commonwealth v. Myers***, 303 A.3d 118, 121–22 (Pa. Super. 2023).

In this case, Hackett claimed in his affidavit that Appellant was not present during the robbery, and Appellant was only driving the victim's car because Hackett had sold it to Appellant without telling him it was stolen. Additionally, Sutton provided an affidavit claiming that Appellant was with her at the time of the robbery. If Hackett's and Sutton's claims are true, then Appellant knew, at the time of the commission of the robbery, that he had an alibi in Sutton, and that Hackett could confirm that Appellant did not participate in the robbery and had no knowledge that the vehicle he was driving was stolen. Nevertheless, Appellant fails to explain what, if any, steps he took to obtain this exonerating information from Hackett and/or Sutton over the course of the nearly 20 years between the robbery in 2001 and Hackett's and Sutton's providing Appellant with their affidavits in 2020 and 2021, respectively.

More specifically, in regard to Hackett, Appellant only cursorily claims that Hackett invoked his Fifth Amendment right to remain silent and, thus, "[t]here [was] … no conceivable way for [Appellant] to have proffered Hackett until Hackett was willing to waive that right." Appellant's Brief at 9. However, Appellant does not explain why he could not have obtained the exonerating affidavit from Hackett **after** Hackett was tried, convicted, and his judgment

of sentence became final. Moreover, Appellant offers no explanation for what finally compelled Hackett to come forward to offer this information nearly 20 years after both men were arrested, tried, and convicted in this case. Notably, in Hackett's September 17, 2020 affidavit, he states that he "was recently contacted by [Appellant's] family and [he] told them [he] was willing to come forward to tell the truth." Amended Petition, 12/10/21, at Exhibit A. Appellant offers no explanation for why he or his family could not have contacted Hackett earlier and obtained his statement exonerating Appellant. Therefore, he has failed to prove that he exercised due diligence.

The same is true for Sutton's alibi statement. Again, Appellant does not discuss what efforts he made to encourage Sutton to come forward with the information that Appellant was with her at the time of the robbery. Instead, he only baldly claims that "Sutton was not willing to come forward to serve as [Appellant's] alibi witness until March [of] 2021…." Appellant's Brief at 15. Even if true, Appellant must still explain what steps he took over the 20 years between 2001 (when the robbery occurred and he allegedly knew that Sutton could provide him with an alibi) and 2021 (when Sutton finally provided him with her alibi statement) in order to demonstrate that he acted with due diligence. Because he fails to do so, he has not met his burden of proving that the newly-discovered fact exception applies to his untimely petition.[2]

_____

[2] We also note that Appellant focuses a good deal of his argument on asserting that the PCRA court erred by not conducting a hearing to assess the credibility
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/8/2024

---

of Hackett's and Sutton's claims. **See** Appellant's Brief at 8-10, 12-14, 16. However, even if we accept the truth of their information, Appellant still failed to plead sufficient facts in his PCRA petition, or on appeal, that would raise a genuine issue of fact regarding whether he exercised due diligence in obtaining the information from Hackett or Sutton at the earliest possible time. Therefore, we discern no error in the PCRA court's decision not to conduct an evidentiary hearing.