J-S22022-23

2023 PA Super 127

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
                               :
CHRISTOPHER JAMES MYERS        :
                               :
            Appellant          :   No. 831 WDA 2022

Appeal from the PCRA Order Entered June 29, 2022
In the Court of Common Pleas of Washington County
Criminal Division at No:  CP-63-CR-0002124-2010

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

OPINION BY STABILE, J.:                    **FILED:  July 20, 2023**

Appellant, Christopher James Myers, appeals from an order dismissing his second petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We hold that the PCRA court correctly dismissed Appellant's petition as untimely, and we affirm.

In 2010, Appellant was charged with homicide and conspiracy to commit homicide.  On September 6, 2011, Appellant entered a guilty plea before the Honorable Paul Pozonsky in which he agreed to plead guilty to third degree murder and criminal conspiracy in return for (1) a sentence of twenty to forty years' imprisonment and a concurrent sentence for conspiracy, and (2) his truthful testimony in the trial of his co-defendant, Ronald Curran.  N.T., 9/6/11, at 6-7.  Judge Pozonsky accepted Appellant's guilty plea.  *Id.* at 11.

On April 13, 2012, Judge Pozonsky sentenced Appellant to twenty to forty years' imprisonment. Appellant did not appeal from his judgment of sentence.

On October 31, 2012, Appellant filed a timely *pro se* PCRA petition. On January 11, 2013, the court appointed PCRA counsel. Subsequently, on March 18, 2013, PCRA counsel filed a no-merit letter and contemporaneous motion to withdraw as counsel. On May 24, 2013, the court dismissed Appellant's PCRA Petition without a hearing. Appellant appealed to this Court, which dismissed his appeal on February 3, 2014 for failure to file a brief. Appellant did not appeal to our Supreme Court.

In June 2012, Judge Pozonsky resigned from the bench. In 2013, Judge Pozonsky was charged with stealing cocaine between November 2010 and January 2012 that was supposed to be evidence in Drug Court cases on his criminal docket. On March 20, 2015, Judge Pozonsky pled guilty to theft by unlawful taking, obstruction of the administration of law, and misappropriation of entrusted property and property of government institutions. On July 13, 2015, Judge Pozonsky was sentenced for these offenses. He has resigned from the bench, and on January 18, 2018, our Supreme Court permanently disbarred him in a detailed published opinion. ***Office of Disciplinary Counsel v. Pozonsky***, 177 A.3d 830 (Pa. 2018).

On February 18, 2022, Appellant filed the present PCRA petition, his second, alleging that he was entitled to resentencing because Judge Pozonsky's history of stealing cocaine was exculpatory evidence that raised

questions of his impartiality in Appellant's case. Appellant also complained that his co-defendant, Curran, received a shorter sentence for third-degree murder (fourteen to thirty years' imprisonment) than he did.

Appellant alleged that he was "unaware" that Judge Pozonsky resigned from the bench in 2012 or was convicted in 2015. PCRA Petition, 2/18/22, at 3-A. He also admitted that he "undertook no further action" between February 3, 2014, the date this Court dismissed his appeal from the dismissal of his first PCRA petition, until February 2021, when a fellow prison inmate notified him that Judge Pozonsky was serving a prison sentence for his conviction.

On April 26, 2022, the PCRA court entered a notice of intent to dismiss Appellant's PCRA petition without a hearing due to lack of timeliness ("Notice"). In an accompanying memorandum, the court reasoned that the petition was facially untimely and that the newly discovered facts exception to the timeliness requirement did not apply. On May 13, 2022, the court granted Appellant an extension of time within which to file a response to the Notice. On June 7, 2022, Appellant filed a response to the Notice. On June 29, 2022, the court entered an order dismissing the PCRA petition. Appellant filed a timely appeal from the order of dismissal. Without ordering Appellant to file a concise statement of matters complained of on appeal, the court entered an opinion incorporating the memorandum in support of its Notice.

Appellant raises the following issues in his appellate brief:

I. DID THE COURT ERR IN DISMISSING APPELLANT'S PCRA [PETITION] FOR [LACK OF] TIMELINESS?

II. DID THE COURT ERR IN DISMISSING APPELLANT'S PCRA [PETITION] FOR LACK OF MERIT?

III. DID THE COURT ERR IN DISMISSING APPELLANT'S PCRA [PETITION] FOR FAILING TO CHALLENGE THE LEGALITY OF THE SENTENCE?

Appellant's Brief at 4.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)).

In this case, Appellant's judgment became final on Monday, May 14, 2012, the deadline for appealing his judgment of sentence. The present petition is facially untimely, having been filed almost ten years after the expiration of the time for filing a timely PCRA petition. *Id.*

Appellant argues that his petition is timely under the newly discovered facts exception in Section 9545(b)(1)(ii). This exception requires the petitioner to plead and prove that (1) the facts upon which the claim is predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. ***Id.***; ***see also Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017). "The focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011). Further, the "fact" on which the petitioner predicates his claim to an exception to the time-bar must bear some logical connection to a plausible claim for relief. ***See Commonwealth v. Robinson***, 185 A.3d 1055, 1062 (Pa. Super. 2018) (*en banc*).

Appellant argues that Judge Pozonsky's July 13, 2015 sentence for theft of cocaine is a newly discovered fact that makes his second PCRA petition timely. We conclude that the newly discovered facts exception is inapplicable, although our analysis of this issue differs slightly from that of the PCRA court.

The PCRA court gave three reasons for finding that the newly discovered facts exception did not apply. First, Judge Pozonsky's sentence has been a

matter "of public record" since July 13, 2015, his date of sentencing, and more than sixty days has passed between this date and February 18, 2022, the date of Appellant's second PCRA petition, PCRA Court Memorandum, 4/26/22, at 5. Second, Appellant admitted in his petition that in March 2021 the prison law library confirmed that Judge Pozonsky was sentenced in July 2015, but more than sixty days has passed between March 2021 and Appellant's petition in February 2022. *Id.* Third, the court reasoned that

> [Appellant] makes no causal connection between Judge Pozonsky's illegal activity and a tainted plea process because of the illegal activity. There are no claims that the criminal activity engaged in by Judge Pozonsky was in any way related to [Appellant's] case or prejudiced [Appellant] when he pled guilty and was sentenced.

*Id.*

The first two reasons given by the PCRA court for dismissing Appellant's petition are erroneous. To begin, the PCRA court asserts incorrectly that Appellant had only sixty days to raise his claim of newly discovered evidence. In 2018, the legislature extended the time period for raising any of the exceptions in Section 9545(b)(1), including the newly discovered evidence exception, from sixty days to one year. Next, by claiming that Judge Pozonsky's sentence has been a matter of public record since 2015, the PCRA court appeared to rely on the "public record presumption" under which information available to the public is not a fact that was previously "unknown" to the petitioner. *See*, *e.g.*, *Commonwealth v. Taylor*, 67 A.3d 1245, 1248-49 (Pa. 2013) ("matters of public record are not unknown" for purposes of

newly discovered facts exception in Section 9545(b)(1)(ii)). Our Supreme Court recently made clear, however, that the public record presumption no longer exists. *See Small*, *supra.*

Nevertheless, we affirm the order of dismissal for two reasons. First, we agree with the PCRA court that no causal connection exists between Judge Pozonsky's misconduct and Appellant's guilty plea or sentence. We recognize that a merits-based analysis is inappropriate at this stage. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007); *see also Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016). However, "[r]ecognizing the nature of the underlying claim—as distinguished from assessing its merits—is necessary to determine whether Appellant acted with due diligence in unearthing the newly-discovered facts." *Robinson*, at 1062.

> [W]hile *Bennett* and its progeny instruct courts to avoid analyzing the merits of the underlying claim, we believe that principle cannot go so far as to altogether preclude the courts from considering the claim the petitioner seeks to raise in determining whether an evidentiary hearing is warranted. As an extreme example, suppose an incarcerated PCRA petitioner asserted in an untimely petition that he recently discovered that the Houston Astros won the 2017 World Series. It would defy reason to suggest that a PCRA court must hold an evidentiary hearing to carefully apply the newly-discovered fact inquiry before considering how that fact could possibly matter. *Cox* stated that "[t]he function of a section 9545(b)(1)(ii) analysis is that of a gatekeeper." A gatekeeping function contemplates that there may be a reason to open the gate.

*Id*. at 1061-62 (some citations omitted).

Although Appellant's claim concerning Judge Pozonsky is not as extraneous as the above example, we cannot discern any connection between

Judge Pozonsky's conduct and Appellant's entry of a negotiated guilty plea to third degree murder in return for a sentence of twenty to forty years' imprisonment. Stated another way, Appellant fails to plead or prove that had he known about Judge Pozonsky's conduct, he would not have entered into an agreement with the Commonwealth to plead guilty for third degree murder in return for a twenty to forty year sentence. Nor does the fact that Appellant's co-defendant received a shorter sentence make Judge Pozonsky's misconduct any more relevant.

Even if we overlook this deficiency, we still affirm the order of dismissal due to Appellant's failure to plead or prove due diligence.[1] **Small** emphasizes that although the public record presumption no longer applies, this "does not mean that [Appellant] prevails. ... The textual requirements of the [newly-discovered evidence] time-bar exception remain." **Id.**, 238 A.3d at 1286. Thus, "although **Small** eliminates the public record presumption, it does not abrogate the requirement that petitioners perform due diligence to discover the facts upon which their claim is predicated." **Commonwealth v. Keener**, No. 1165 WDA 2021, 2022 WL 2359373, at *4 (Pa. Super. June 30, 2022) (unpublished memorandum).[2]

---

[1] Although the PCRA court did not address due diligence, this Court may affirm for any reason supported by the record. **See In Re A.J.R.-H.**, 188 A.3d 1157, 1175-76 (Pa. 2018).

[2] **See** Pa.R.A.P. 126(b) (non-precedential decision from Superior Court filed after May 1, 2019 may be relied upon for its persuasive value).

Here, Judge Pozonsky's sentence was entered on July 13, 2015, but both Appellant's PCRA petition and his briefs in this Court completely fail to explain why he did not learn about Judge Pozonsky's sentence between July 2015 and February 2021, five and a half years later. Thus, Appellant fails to satisfy the requirement under Section 9545(b)(1)(ii) to demonstrate that he acted with due diligence in discovering the facts upon which his claim is predicated.

For these reasons, Appellant's petition fails to satisfy the newly discovered fact exception to the PCRA time bar. Accordingly, we affirm the PCRA court's order dismissing his petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2023