J-S05020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
                                           :
             v.                              :
                                           :
                                           :
MARCUS BROWN                   :
                                           :
            Appellant               :     No. 1766 EDA 2024

Appeal from the PCRA Order Entered June 13, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004513-2015

BEFORE: BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 18, 2025**

Marcus Brown (Appellant) appeals from the order denying as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the factual background underlying Appellant's convictions:

> On September 20, 2014, the Twisters Motorcycle Club [(the Twisters)] hosted its annual anniversary ceremony at the Nifiji Event Hall[ (the event hall), located] at 1432 Chew Street in northern Philadelphia. Between 500 and 1,000 people affiliated with several Philadelphia motorcycle clubs attended the event, including … Desmond "Little G" Davis[ (the decedent)], a member of the Twisters[; Appellant]…, a member of the rival Byrd Riders Motorcycle Club[;] and [Appellant's] co-defendant, Stanley "Stizz" Newell[ (Newell)], another Byrd Rider.

---

[*] Former Justice specially assigned to the Superior Court.

At approximately midnight on September 21, 2014, an argument between "Gun," the chapter president of the Byrd Riders, and the decedent commenced outside the event hall on Chew Street, drawing the attention of [Appellant] and Newell. As the argument continued, … Newell approached the decedent and argued with him about a gun. During this argument, [Appellant] approached the decedent from behind, drew a Colt .45 caliber pistol, and pointed it at [the decedent's] face.

Approximately ten feet away from [Appellant] and decedent, Michael "Country" Baker drew his pistol, raised it above his head, and fired one shot. The gunfire caused the crowd of over seventy-five attendees standing outside the event hall to panic and scatter. Several armed attendees drew their weapons and proceeded to fire at each other. The decedent … ran down Chew Street, turned on Park Avenue, and ran away from the [e]vent [h]all. [Appellant] gave chase, followed the decedent onto Park Avenue, aimed his weapon toward the decedent's back, and fired at least four shots, killing him.

….

In the aftermath of the shooting, Philadelphia [p]olice interviewed Tyrell Ginyard[ (Ginyard)], a member of the Twisters … present at the shooting. Ginyard told police[,] and later testified that[,] he was approximately a foot away from the decedent … when [Appellant] drew his [] pistol and pointed it at the decedent's head. [] Ginyard further observed [Appellant] chase [] Ginyard and the decedent around the corner of Chew Street and Park Avenue, after which the decedent was struck by gunfire and collapsed on the sidewalk.

Police further interviewed Rodney Gregory[ (Gregory)], a Byrd Rider, who told police[,] and later testified[,] that he observed [Appellant] and [Newell] via photo array, and when shown surveillance video of the incident, Gregory identified [Appellant] as holding a pistol in his right hand.

Detective Frank Mullen, an expert in video recovery, obtained video surveillance footage from three angles at the [event hall] and a private residence at 5626 Park Avenue. Video recovered from [the event hall] showed [Appellant] point a gun at the decedent's head just under the building's awning on Chew Street. A different camera angle from this location showed the

decedent … attempt to escape the chaos outside the event hall by running down Chew Street and turning onto Park Avenue. That same camera showed [Appellant] fire at the decedent.

PCRA Court Opinion, 6/13/24, at 2-3 (brackets omitted).

On November 15, 2016, a jury convicted Appellant of first-degree murder, firearms not to be carried without a license, carrying a firearm on a public street in Philadelphia, and possessing an instrument of crime.[1] On January 3, 2017, the trial court sentenced Appellant to an aggregate term of life in prison without the possibility of parole. On direct appeal, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court thereafter denied allowance of appeal. *Commonwealth v. Brown*, 192 A.3d 261 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 195 A.3d 164 (Pa. 2018).

On November 28, 2023, Appellant filed, *pro se*, the instant PCRA petition, his first. Appellant requested a new trial based on the following, pertinent, grounds: 1) Detective James Pitts (Detective Pitts) used excessive and coercive force against Appellant in the instant case, and other defendants in unrelated cases; 2) the Commonwealth committed a *Brady*[2] violation by failing to disclose to the defense Detective Pitts' history of misconduct; and 3) Appellant's privately-retained appellate counsel, Todd Mosser, Esquire

---

[1] *See* 18 Pa.C.S.A. §§ 2502(a), 6106(a)(1), 6108, 907(a).

[2] *See Brady v. Maryland*, 373 U.S. 83 (1963).

- 3 -

(Attorney Mosser), failed to timely file a requested PCRA petition. *Pro Se* PCRA Petition, 11/28/23, at 3-5.

Appellant asserted his *pro se* PCRA petition was timely filed pursuant to the newly-discovered facts exception to the PCRA's one-year jurisdictional time-bar. ***Id.*** at 4-5.[3] Appellant referenced, but did not attach to his petition, a newspaper article, purportedly dated July 28, 2023, which Appellant claimed detailed misconduct perpetrated by Detective Pitts in various homicide investigations. ***Id.*** at 5. Appellant further claimed that he was unaware of Attorney Mosser's failure to file a PCRA petition on his behalf, and that he

---

[3] The PCRA provides, in relevant part:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > * * *
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence….

42 Pa.C.S.A. § 9545(b)(1)(ii).

"could not have discovered this fact th[r]ough the exercise of reasonable diligence." *Id.* at 4.[4]

The PCRA court appointed counsel, who filed an amended PCRA petition on February 19, 2024. Appellant's amended PCRA petition raised the same issues outlined in his original petition, but alleged numerous additional instances of misconduct committed by Detective Pitts in other, unrelated criminal cases. *See* Amended PCRA Petition, 2/19/24, at 11-13; *see also id.* at 11 (Appellant alleging that "[a]t least 10 cases tied to [Detective] Pitts have been dropped, dismissed, or overturned over the years, and petitions alleging coercion remain pending in a number of others."). Appellant did not provide citations to nor append to his amended PCRA petition any cases, public records, news articles, or other sources detailing Detective Pitts' misconduct. The earliest instance of Detective Pitts' alleged misconduct that Appellant cited in his amended PCRA petition occurred in 2017. *Id.* at 12. Appellant claimed that, in November 2017, the Honorable Teresa Sarmina "threw out a murder

_____

[4] Significantly, Appellant attached to his petition, as Exhibit B, prison correspondence from Attorney Mosser to Appellant. The October 5, 2018, correspondence stated, in relevant part, as follows:

> Marcus: your family hired me to handle your PCRA. I'm getting your file from [trial counsel] on Thu[rsday of] next week and we are going to start putting things together shortly thereafter. **Heavy focus on the Pitts claim**. Feel free to send me your thoughts on any particular claims you wish to raise. More to come….

*Pro Se* PCRA Petition, 11/28/23, Exhibit B (emphasis added).

conviction and sentence of a man who had been incarcerated since 2008, ruling that Detective [] Pitts fabricated evidence …." *Id.* at 12-13.

On April 22, 2024, the Commonwealth filed a response, wherein it "acknowledges that [Detective] Pitts has been found to have committed numerous violations of police procedure during his tenure with the Philadelphia Police Department, and that he has more recently been indicted for perjury." Commonwealth Answer, 4/22/24, at 5. The Commonwealth maintained, however, that Appellant was not entitled to a hearing on his claims regarding Detective Pitts, because he failed to plead and prove "that if a new trial were granted, the after[-]discovered evidence would be of such a nature that it would likely result in a different verdict in *this* case." *Id.* at 5-6 (emphasis in original).

On May 1, 2024, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. The PCRA court noted that Appellant's PCRA petition was untimely filed, and opined that Appellant did not plead and prove any exception to the PCRA's time-bar, because 1) information regarding Detective Pitts' misconduct was publicly available as early as 2017, and 2) Appellant's "claim of misconduct in [his own] case committed by Detective Pitts, if true, was known to [Appellant] before trial and could have been used to impeach his credibility." Rule 907 Notice, 5/1/24, at 3 (unpaginated).

Appellant did not file a response. On June 13, 2024, the PCRA court filed an opinion and order denying Appellant's PCRA petition. Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement. The PCRA court relied on its June 13, 2024, opinion in lieu of filing a Rule 1925(a) opinion.

Appellant raises a single issue for review:

> Whether the PCRA [c]ourt erred in denying [Appellant's] PCRA [p]etition when the PCRA [c]ourt failed to consider, without a hearing, newly[-]discovered evidence of a horrendous history of misconduct by Detective [] Pitts, which was not disclosed by the Commonwealth to [Appellant] before [t]rial, either willfully or negligently, in violation of **Brady** …?

Appellant's Brief at 9.[5, 6]

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of

---

[5] In his *pro se* PCRA petition, Appellant alleged Detective Pitts engaged in inappropriate conduct in Appellant's case; however, Appellant has abandoned that claim on appeal. **See** Appellant's Brief at 27 ("Even though [Appellant] alleged Detective Pitts' police misconduct against [Appellant] in his *pro se* [p]etition, the new fact [], here, is Detective Pitts' habitual pattern of egregious police misconduct[] that [Appellant] was unaware of at the time of his [t]rial.").

[6] Appellant does not allege that the Commonwealth's purported **Brady** violation constitutes an exception to the PCRA's jurisdictional time bar, and instead raises the issue substantively. **See generally** Appellant's Brief at 30-40.

the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.* Additionally, we observe that "a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

Appellant acknowledges that his PCRA petition is facially untimely. **See** Appellant's Brief at 22-23; **see also** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Reeves**, 296 A.3d 1228, 1231 (Pa. Super. 2023) ("If a PCRA petition is untimely, a court lacks jurisdiction. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." (citations and quotation marks omitted)). However, Appellant maintains "that the PCRA [c]ourt had jurisdiction over [Appellant's] claims because Detective Pitts' unconstitutional police misconduct meets the newly[-]discovered fact exception provided in 42 Pa.C.S.A. § 9545(b)(1)(ii)." *Id.* at 23.

Appellant argues:

> [B]ecause [Appellant] first learned of Detective Pitts' misconduct [] on July 28, 2023, … after reading a newspaper article [concerning] Detective Pitts' misconduct[], [Appellant's] claims are subject to the one (1) year filing requirement. [Appellant] diligently filed his *pro se* [p]etition on November 28, 2023, just one hundred twenty-three (123) days after first learning of Detective Pitts' misconduct, within the one[-]year filing period, timely preserving his PCRA claims regarding Detective Pitts' misconduct.

*Id.* at 24-25.

- 8 -

Concerning the relevance of Appellant's purportedly newly-discovered facts, Appellant claims that Detective Pitts' "habitual pattern of egregious police misconduct" in other cases "evidenced his lack of proper training and inexperience as a homicide investigator[.]" *Id.* at 27. Appellant argues that "evidence of Detective Pitts' inadequate training and police misconduct was probative and material regarding deficiencies in the police investigation of [Appellant] relevant [to] the issue of reasonable doubt[.]" *Id.* at 29 (citation omitted).

> Regarding Section 9545(b)(1)(ii), we have recently reiterated:
>
> "The newly-discovered facts exception [] does not require any merits analysis of the underlying claim, and application of the time-bar exception, therefore, does not necessitate proof of the elements of a claim of after-discovered evidence." *Commonwealth v. Small*, 238 A.3d 1267, 1286 (Pa. 2020) (original quotation marks omitted) (noting that, the newly-discovered facts exception to the jurisdictional time-bar is distinct from an after-discovered evidence claim, which is a substantive basis for relief pursuant to 42 Pa.C.S.A. § 9543(a)(2)(iv)); *see also Commonwealth v. Fears*, 250 A.3d 1180, 1189 (Pa. 2021) (stating, an analysis pertaining to whether a petitioner has sufficiently pleaded and proven the newly-discovered facts exception to the jurisdictional time-bar prohibits a merits analysis of the underlying claim). For purposes of the newly-discovered facts exception, a determination that the facts were unknown to the petitioner is circumstance-dependent and requires an analysis of the petitioner's knowledge. *Small*, 238 A.3d at 1283.

*Commonwealth v. Branthafer*, 315 A.3d 113, 128 (Pa. Super. 2024) (brackets omitted; some citations modified).

> Incumbent on the petitioner is the obligation to
>
> demonstrate **he did not know the facts upon which he based his petition and could not have learned those facts earlier**

by the exercise of due diligence…. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

As an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) ….

*Reeves*, 296 A.3d at 1232 (brackets omitted; emphasis added).

For purposes of the newly-discovered facts exception, *pro se*, incarcerated petitioners are not presumed to know what is of public record. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017). Significantly, however, we have explained that "**newspaper articles referencing misconduct** [**by police**] **in matters unrelated to** [**the petitioner**] **do not constitute newly-discovered facts**." *Reeves*, at 296 A.3d at 1233 (emphasis added).

"Further, the 'fact' on which the petitioner predicates his claim to an exception to the time-bar **must bear some logical connection to a plausible claim for relief**." *Commonwealth v. Myers*, 303 A.3d 118, 122 (Pa. Super. 2023) (emphasis added) (citing *Commonwealth v. Robinson*, 185 A.3d 1055, 1062 (Pa. Super. 2018) (*en banc*)).

Instantly, Appellant claims that a newspaper article alerted him to newly-discovered facts excepting his PCRA petition from the PCRA's jurisdictional time-bar. *See Pro Se* PCRA Petition, 11/28/23, at 5; Appellant's Brief at 24. However, as the newspaper article undisputedly did not pertain

to Appellant's case, it does not constitute a newly-discovered fact that would rescue his request for PCRA relief from the PCRA's time-bar. **See Reeves**, 296 A.3d at 1233; **see also Commonwealth v. Daniels**, 240 A.3d 127, 3005 EDA 2019 (Pa. Super. 2020) (unpublished memorandum at 10)[7] (in an unrelated PCRA appeal alleging that Detective Pitts' misconduct constituted newly-discovered facts, concluding that because the new facts did not pertain to Daniels' case, they did "not provide a factual basis for any claim Daniels could make." (citing **Commonwealth v. Brown**, 134 A.3d 1097, 1109 (Pa. Super. 2016) (concluding that a new trial was not warranted where the evidence concerning Detective Pitts did not relate to the case at bar)).

Here, as in **Reeves**, Appellant "cites no new information in **his** case." **Reeves**, 296 A.3d at 1233 (emphasis in original). Accordingly, this Court is without jurisdiction to consider the substance of Appellant's claim, **Reeves**, 296 A.3d at 1231, and the PCRA court did not abuse its discretion in denying Appellant's PCRA petition without a hearing. **See Miller**, 102 A.3d at 992.[8]

_____

[7] Non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value. **See** Pa.R.A.P. 126(b)(1)-(2).

[8] In his brief, Appellant claims that "[p]ublic information about Detective Pitts' misconduct … only first became publicly available on November 3, 2017[.]" Appellant's Brief at 26. The certified record discloses that Appellant was represented by counsel until at least October 2, 2018, when our Supreme Court denied Appellant's petition for allowance of appeal. While *pro se*, incarcerated petitioners are not presumed to know what is of public record, **Burton**, 158 A.3d at 638, Appellant fails to explain why he or his counsel could not have discovered evidence of Detective Pitts' misconduct, through
*(Footnote Continued Next Page)*

Even if Appellant could properly rely on the newspaper article as a basis for overcoming the PCRA's time-bar, Appellant fails to establish that the newspaper article contains information having any bearing on his case. Appellant failed to describe the contents of the newspaper article in his *pro se* PCRA petition, his amended PCRA petition, or his brief. We cannot discern how a newspaper article that Appellant indicates was published on July 28, 2023, is logically related "to a plausible claim for relief" in his case, wherein a jury convicted him in November 2016.[9] ***See Myers***, 303 A.3d at 122.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/18/2025

_____

the exercise of due diligence, while Appellant was represented by counsel. ***See Commonwealth v. Pickens***, 276 A.3d 207, 694 EDA 2021 (Pa. Super. 2022) (unpublished memorandum at 7) (where information concerning Detective Pitts' misconduct became public information during the pendency of the petitioner's direct appeal, observing that the petitioner failed to "explain why he (or his counsel) could not have discovered" the public information sooner).

[9] As we have determined that the newly-discovered "facts" Appellant presents are not logically related to a plausible claim for relief, Appellant's ***Brady*** claim premised on substantially similar "facts," if not time-barred, would likewise fail. We further note that, apart from bald assertions, Appellant failed to plead and prove that the Commonwealth was aware of any exculpatory information that could substantiate a ***Brady*** violation before or during his trial.