J-S28023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:                 PENNSYLVANIA
:
v.                           :
:
:
:
JEREMIAH BUSH                    :
:
Appellant         :   No. 285 EDA 2024

Appeal from the PCRA Order Entered December 11, 2023
In the Court of Common Pleas of Chester County
Criminal Division at No:  CP-15-CR-0001940-2009

BEFORE:  STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 24, 2025**

Appellant, Jeremiah Bush, appeals from the December 11, 2023, order of the Court of Common Pleas of Chester County, which denied his second petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

We previously set forth the underlying facts:

Appellant was charged in connection with the October 21, 2006 murder of Jonas ("Sonny") Suber (hereinafter "the victim"), who was shot eight times in his home in Coatesville, PA.  The Commonwealth accused Appellant of driving co-defendant Eric Coxry to the victim's home and acting as a getaway driver after Coxry shot the victim.

At a jury trial, Appellant was implicated in the murder plot through the testimony of Clarence Milton, April Brown, and Robert Matthews.  Milton testified that he had contact with Appellant shortly before and after the victim was shot.  On October 20, 2006, the day before the murder, Milton encountered Appellant and Coxry at a known drug house owned by Keisha Washington in Coatesville, Pa.  Milton recalled that Coxry was flashing a .45

caliber pistol and discussing a 'beef' between the victim and Duron Peoples. Milton heard Coxry bragging that Peoples was going to pay him $20,000 to 'take care of the situation.' While Coxry and Appellant left Washington's residence at different points that night, Milton remained there and fell asleep.

The next morning, on October 21, 2006, Milton again saw Appellant at Washington's residence. When Milton asked Appellant where he had been, Appellant indicated that 'they went and took care of that situation.' Milton pressed Appellant for more information, asking Appellant who 'they' were and what the 'situation' was. Appellant indicated that he and Coxry [] murdered the victim. While Appellant clarified that he did not shoot the victim, he admitted that he acted as the getaway driver.

April Brown also agreed to testify for the prosecution and similarly indicated that she spoke with Appellant at Keisha Washington's house on October 21, 2006, the night after the victim's murder. Brown recalled that she was upset and confused as she had been stopped by police, who subsequently confiscated her vehicle. In response, Appellant became 'paranoid' and apologized to Brown for using her car that morning. As Brown was unaware that Appellant had taken her car, she pushed Appellant for more information. Appellant indicated that he had taken Coxry in Brown's car to handle 'some business.' At that point, Appellant became evasive about Brown's line of questioning and directed her to talk to Coxry.

When Brown contacted Coxry, he asked her to get the car back, refused to speak about the matter over the phone, and directed her to come speak with him in person in Philadelphia. On October 22, 2006, when Brown met Coxry in Philadelphia, Coxry admitted that he had been paid to shoot the victim, but indicated that it was 'either him or me.'

*Commonwealth v. Bush*, 2020 WL 4559145 at *1 (Pa. Super. filed August 7, 2020) (unpublished memorandum) (citations omitted). The Commonwealth charged four individuals in connection with the crime:

Appellant, Coxry, Peoples, and Shamone Woods[1]. At each individual trial, the Commonwealth presented evidence of a conspiracy between the individuals to murder the victim. A jury found Appellant guilty of first-degree murder, and he was sentenced to a mandatory term of life imprisonment without the possibility of parole. This Court affirmed his judgment of sentence, and our Supreme Court denied Appellant's allowance of appeal.

Appellant filed a timely first PCRA petition on February 29, 2016, and asserted multiple claims of after-discovered evidence proving his innocence. Appellant provided a September 15, 2016, affidavit signed by co-conspirator Woods which stated that Appellant was not involved in the murder, Appellant was not in Coatesville on the night of the murder, and Woods did not know Appellant until three years *after* the murder. **See** Supplemental PCRA Petition, 9/22/16, Exhibit K. Appellant also attached a letter purportedly written by Clarence Milton, a Commonwealth witness, wherein he admitted to providing false testimony that Appellant was the getaway driver. **See** Amended PCRA Petition, 1/22/18, Exhibit P3. Lastly, Appellant attached an affidavit by Khalil Bell, which stated that he (Bell) told detectives that Appellant was not the getaway driver, and that Woods admitted to Bell that he (Woods) was the getaway driver. **Id.**, Exhibit P1.

---

[1] In a separate trial, Woods was convicted of being the middleman between Peoples, who arranged the murder, and Coxry, the shooter. **See Commonwealth v. Woods**, 2017 WL 1050409 at *1 (Pa. Super. filed March 20, 2017) (unpublished memorandum).

- 3 -

Appellant's petition was ultimately denied on January 13, 2020. This Court affirmed the dismissal, and our Supreme Court denied Appellant's allowance of appeal.

Appellant filed the instant *pro se* PCRA petition, his second, on September 28, 2021. The PCRA court filed its notice of intent to dismiss Appellant's PCRA petition without an evidentiary hearing on January 21, 2022. Appellant filed a response to the notice to dismiss on February 22, 2022. Before the PCRA issued a final order, Appellant filed a motion for leave to file a supplemental PCRA petition, which was granted by the PCRA court. The PCRA ultimately denied Appellant's second petition and supplemental petition on December 11, 2023. Appellant filed a notice of appeal on January 17, 2024. The case was remanded to the PCRA court to conduct an evidentiary hearing to determine whether Appellant's notice of appeal was timely filed. The PCRA complied and determined that Appellant's appeal was timely. ***See*** Order, 4/7/25.

We will now address the merits. On appeal, Appellant raises the following issues for our review:

1. Did the PCRA court err in denying Appellant an evidentiary hearing on Appellant's claim of newly discovered/after discovered evidence consisting of the signed, sworn, and notarized affidavit of Appellant's codefendant Shamone Woods confessing that he (Woods) was the getaway driver in the murder of Jonas Suber?

2. Did the PCRA court err in failing to grant appropriate relief on Appellant's claim of newly discovered/after discovered evidence showing that the Commonwealth failed to disclose

statements of exculpatory and impeaching nature, made by witness Clarence Milton wherein Milton falsely implicated Appellant for the murder of Sharieff Lighty [in an unrelated case]?

3. Did the PCRA court err in failing to grant Appellant's motions seeking permission to conduct post-conviction discovery to obtain recorded prison telephone conversations between Appellant and Clarence Milton wherein Milton is heard expressing remorse and directly apologizing to Appellant for falsely implicating Appellant for several murders, including the instant murder case?

Appellant's Brief at 5 (cleaned up).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *See, e.g., Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). "The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (internal citations omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies.[2]   42 Pa.C.S.A. § 9545(b)(1).  "The PCRA's

_____

[2] For an exception to apply, a petitioner must (1) plead and prove one of the exceptions set forth in Section 9545(b)(1)(i)-(iii); and (2) file a petition raising
*(Footnote Continued Next Page)*

- 5 -

time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claim." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by ***Small***, ***supra***). Timeliness is separate and distinct from the merits of the underlying claim; therefore, we must determine whether Appellant's petition was timely before we are permitted to address the substantive claims. ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).

The instant petition is untimely on its face. Appellant's judgment of sentence was affirmed by this Court on February 4, 2015. Our Supreme Court denied allowance of appeal on June 11, 2015. The judgment of sentence became final on September 9, 2015, upon expiration of the ninety-day period to seek review with the Supreme Court of the United States. Consequently, Appellant had one year – until September 9, 2016 – to file a timely PCRA petition. The instant petition was filed on September 18, 2021, 5 years after the judgment of sentence became final.

Appellant asserted two newly discovered facts as exceptions to the timeliness requirement: (1) a November 20, 2020, affidavit signed by Woods which stated that he was the getaway driver and (2) alleged prison calls

_____

the exception within one year from the date on which the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

- 6 -

wherein Milton recanted his testimony that Appellant admitted to being the getaway driver.

The newly discovered facts exception applies where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii); *Small*, 238 A.3d at 1280. A petition therefore must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). The focus of the newly discovered fact exception is on a "newly discovered fact, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Myers*, 303 A.3d 118, 121 (Pa. Super. 2023).

On appeal, Appellant does not claim that the PCRA court erred by finding his petition was untimely.[3] Instead, he argues that the PCRA court erred because it did not hold an evidentiary hearing to determine the credibility of the information contained within the 2020 Woods affidavit.

We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. *Commonwealth v. Williams*, 244 A.3d 1281, 1287 (Pa. Super. 2021) (citation omitted). The right to an evidentiary

_____

[3] We note that Appellant's argument appears to conflate the newly discovered fact exception to the time-bar (42 Pa.C.S.A. § 9545(b)(1)(ii)) and the after-discovered evidence claim for relief (42 Pa.C.S.A. § 9543(a)(2)(vi)). Most of his appellate brief is devoted to the after-discovered evidence claim. With respect to timeliness, Appellant generally asserts that the facts within the Woods affidavits were not known and could not have been ascertained any earlier through the exercise of due diligence. *See* Appellant's Brief, at 9.

hearing on a PCRA petition is not absolute; "[i]t is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim in patently frivolous and has no support either in the record or other evidence." *Id.* Moreover,

> To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Roney*, 79 A.3d 595, 605 (Pa. 2013) (quotation marks and citations omitted). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim . . . ." *Id.*

In declining to hold an evidentiary hearing, the PCRA court noted that this was the second time Appellant submitted an affidavit by Woods to support his claim for relief. In his first PCRA petition, Appellant asserted a claim of after-discovered evidence based on Woods' September 15, 2016, affidavit that Appellant was not involved in the murder, was not in Coatesville on the night of the murder, and Woods did not know Appellant until three years *after* the murder. The PCRA court found this affidavit to be "patently incredible, and [did] not actually exonerate [Appellant]." Notice of Intent to Dismiss, 2/26/19, at 3 (our pagination). The PCRA court stressed that Woods' statements – that Woods did not know Appellant at the time of the murder, but Appellant was not there – were contradictory. *Id.* It further noted that Woods' affidavit did not contradict the evidence at trial and therefore would

not have resulted in a different verdict. *Id.* Appellant's first petition also included an affidavit by Khalil Bell dated August 22, 2016, stating that Bell told detectives Appellant was not involved in the murder, and that Woods was the getaway driver. Bell claimed that Woods admitted to him that he (Woods) was the getaway driver.

In his second PCRA petition, Appellant attempted to use a second affidavit by Woods dated November 20, 2020, to satisfy the newly discovered fact exception. The PCRA court determined this second affidavit was also not credible:

> The Pennsylvania Supreme Court has held that 'post-verdict accomplice testimony must be viewed with a jaundiced eye.' *Commonwealth v. Washington*, 927 A.2d 586, 597 (Pa. 2007). This particular 'affidavit' is even more untrustworthy since it is the second such submission by Mr. Woods on behalf of [Appellant] in a PCRA proceeding. A statement by Mr. Woods dated September 15, 2016 was attached to [Appellant's] first PCRA petition, and the court found that statement 'patently incredible.'
>
> This second statement from Woods is also rendered incredible as it ignores the fact that Mr. Woods was convicted of being the 'middleman' between the architect of the murder scheme, Duron Peoples, and the shooter, Eric Coxry. Instead, Mr. Woods claims that he, rather than [Appellant], was the getaway driver – despite the fact that multiple witnesses at [Appellant's] trial identified him as the individual who was in the car with Eric Coxry.

Notice of Intent to Dismiss, 1/21/22, at 4 (our pagination).

We find no abuse of discretion. The claim that Woods was the getaway driver is not a new fact. Appellant's first PCRA petition included a 2016 affidavit by Bell averring that Woods was the getaway driver. Appellant's second petition, filed five years after his judgment of sentence became final,

raises the same claim (Woods was the getaway driver) through Woods' 2020 affidavit. Accordingly, we conclude that Appellant failed to plead and prove a new fact to establish an exception to the time-bar. Rather, the Woods affidavit was merely a "newly willing source for previously known facts." **Myers**, **supra.** Appellant was not entitled to an evidentiary hearing, and the PCRA court did not abuse its discretion by dismissing the instant PCRA petition without a hearing.

Appellant's second claim is that the PCRA court erred by failing to grant relief on his after-discovered evidence claim regarding alleged statements made by Commonwealth witness Clarene Milton. In the PCRA petition, Appellant asserted that he recently obtained two recorded prison calls wherein Milton told Appellant that he (Milton) told the Commonwealth that (1) Appellant was not involved in Suber's murder and (2) he (Milton) provided false testimony at Appellant's trial regarding Appellant's involvement. PCRA Petition, 9/28/21, at 7. Appellant claims that these facts were not known to him and were not able to be ascertained with the exercise of due diligence until he obtained the recorded calls in April 2021. *Id.* at 7-8.

On August 17, 2023, Appellant sought leave to supplemental his PCRA petition, which was granted. In the supplemental petition, Appellant appeared to abandon the above claim and instead asserted for the first time that Milton testified in an unrelated PCRA hearing that he (Milton) falsely implicated

- 10 -

Appellant for the murder of Sharieff Lighty.[4]  ***See*** Motion for Leave to File a Supplemental Petition, 8/17/23.  He further claimed that the Commonwealth was aware of Milton's fabricated testimony and failed to disclose that fact prior to trial.  ***Id.***  If this evidence was disclosed, Appellant contends, then it could have been used to impeach Milton.  ***Id.***

Before addressing the merits, we must first determine whether Appellant established an exception to the time-bar.  Appellant claims that he obtained the recorded calls in April of 2021.  However, Appellant ignores the fact that he previously attached letters and affidavits to his first PCRA petition to support his claim that Milton lied about Appellant's involvement in the murder and recanted his testimony.  Appellant cannot now claim that Milton's alleged recantation as a "new fact" when he previously made the same argument.  The recorded calls are merely a "newly willing source for previously known facts."  ***Myers***, ***supra.***

The thrust of Appellant's claim is that Milton is trying to frame Appellant. He has tried several tactics to obtain relief on the same ground.

In his first PCRA petition, Appellant claimed trial counsel was ineffective by failing to impeach Milton with two letters purportedly written by Milton in which he (Milton) admitted to providing false testimony during Appellant's trial.  The letters were provided to counsel prior to Appellant's trial and were attached to his first petition.

---

[4] Appellant has never been charged in connection with the homicide of Lighty.

- 11 -

In a supplemental petition, Appellant claimed he was entitled to relief based upon after-discovered evidence, an affidavit by Bell which stated that Milton admitted to lying about Appellant's involvement in the instant matter to gain favorable consideration from the federal government.

In the instant petition, the new "fact" Appellant advances is that Milton, during an unrelated PCRA proceeding in Philadelphia County, recanted his testimony he provided against Appellant in the instant matter.

Milton's alleged conduct is not a new fact; it is merely a newly willing source for a previously known fact. **Myers**, **supra**. To this end, we agree with the PCRA court's analysis:

> [Appellant] is attempting to achieve PCRA relief in this case based upon testimony in [] a PCRA in a separate case in Philadelphia. However, [Appellant's] Philadelphia PCRA petition, the source of these transcripts [Appellant attached to support his claim], was ultimately *denied* by Judge Bronson on December 2, 2022. [Appellant] fails to mention this crucial fact in this petition. Moreover, it is unclear what, if anything, [Appellant] is attempting to prove by providing these voluminous (and incomplete) transcripts, particularly as the court ruled against [Appellant] on the ultimate issues.

> [Appellant's] entire claim is based upon the assertion that Mr. Milton recanted his incrimination of [Appellant] in a murder. Yet in the PCRA hearing on October 12, 2022, the Honorable Glenn B. Bronson of the Philadelphia Court of Common Pleas specifically noted that Mr. Milton *did not* recant anything and denied [Appellant's] PCRA claim in the Philadelphia case on that basis: 'Claim seven, recantation of witness Clarence Milton was denied since he testified he did not recant.' (N.T. 10/12/22, p. 6).

PCRA Court Order, 12/11/23, at 3 (our pagination; emphases in the original).

Accordingly, no relief is due on Appellant's second issue.

- 12 -

Appellant's third claim is that the PCRA court erred when it denied his request for post-conviction discovery "to obtain multiple recorded prison telephone calls between Appellant and Clarence Milton [on July 7, 2023,] wherein Milton admits and apologizes for falsely implicating Appellant for murder."  Appellant's Brief, at 25.

This claim lacks merit.  In his petition, Appellant claimed that he *already obtained* two recorded phone calls between himself and Milton:

> In April of 2021, pursuant to Philadelphia County Judge Glenn B. Bronson's Order [in an unrelated case], **[Appellant] was able to obtain two audio recorded telephone calls** wherein Milton stated to [Appellant] that he (Milton) spoke to Deputy District Attorney Ronald Yen, who prosecuted [Appellant's] trial, and Milton states that he told Mr. Yen that [Appellant] had no involvement in the murder of Jonas Suber, and also that he (Milton) framed [Appellant].  The recordings will also disclose that Milton apologized to [Appellant] for framing him.  ***See*** Exhibit B.
>
> [**Appellant] is currently awaiting to receive the transcribed edition of the recording**, at which point, [Appellant] will provide this Court . . . with an audio and transcribed edition of the recorded telephone calls of Milton.

PCRA Petition, 9/28/21, at 7 (emphases added).  'Exhibit B' was Appellant's statement of *in forma pauperis*.  The recorded calls were not attached, and Appellant did not provide the date or dates of those calls.  Thereafter, on October 10, 2023, Appellant filed a motion to conduct post-conviction discovery to obtain a July 7, 2023, recorded call between Appellant, Milton, and a third individual, Jamil Dabney.  He asserts that in the call, Milton apologized to Appellant for falsely implicating him and expressed remorse for

his actions. He made no reference to his previous assertion that he was already in possession of two recorded calls.

In all cases except the first counseled petition in a death penalty case, "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). Neither the PCRA nor the Pennsylvania Rules of Criminal Procedure define the term "exceptional circumstances." This Court, however, has held that "the trial court, in its discretion" determines whether a case is exceptional and warrants discovery. **Commonwealth v. Frey**, 41 A.3d 605, 611 (Pa. Super. 2012). "We will not disturb a court's determination regarding the existence of exceptional circumstances unless the court abused its discretion." **Id.**

The PCRA court found that exceptional circumstances warranting discovery did not exist:

> The object of this discovery request is the recording of a purported phone conversation that took place on July 7, 2023 between [Appellant], Mr. Milton, and a third individual, Jamil Dabney. [Appellant] asserts that, in this phone call, 'Clarence Milton is heard speaking directly to [Appellant] and expressing remorse, also apologizing for falsely implicating petitioner for several murders.' . . . [T]here is no evidence whatsoever that this call actually took place. Indeed, it remains unclear as to whether Mr. Milton has, in fact, actually recanted any accusations against [Appellant]. The only source of these purported recantations are [Appellant's] uncorroborated and self-serving allegations that Mr. Milton confessed his false accusations to [Appellant] personally. The [PCRA] court is not persuaded that this case presents 'exceptional circumstances' that would warrant post-conviction discovery[.]

PCRA Court Order, 12/11/23, at 3 (our pagination). We discern no abuse of discretion. The law is clear that there is no discovery in PCRA proceedings absent a showing of exceptional circumstances. The PCRA court found that exceptional circumstances did not exist in this matter. Accordingly, no relief is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2025