J-S04010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN NORTHINGTON | : | |
| | : | |
| Appellant | : | No. 1964 EDA 2025 |

Appeal from the PCRA Order Entered June 26, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0204881-1970

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED MAY 11, 2026**

Steven Northington appeals *pro se* from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  Upon review, we affirm.

On October 1, 1970, a jury found Northington guilty of first-degree murder and, on April 26, 1973, sentenced him to life imprisonment without the possibility of parole.  Northington's judgment of sentence was affirmed by the Pennsylvania Supreme Court on March 17, 1976.  *See Commonwealth v. Northington*, 353 A.2d 426 (Pa. 1976).  On October 7, 1976, Northington filed his first petition under the Post Conviction Hearing Act (PCHA), *pro se*. After an evidentiary hearing, the PCHA court denied the petition, and the Pennsylvania Supreme Court affirmed the denial.  *See Commonwealth v. Northington*, 430 A.2d 1164 (Pa. 1981).  On February 14, 1984, Northington

filed his second PCRA petition, *pro se*. He subsequently filed an amended petition on September 9, 1986, and a second amended petition on February 2, 1987. The PCRA court dismissed the petition, and this Court affirmed the dismissal on March 9, 1989. **See Commonwealth v. Northington**, 01419 Phila., 1988 (Pa. Super. filed Mar. 9, 1989) (unpublished memorandum decision).

Northington filed a third PCRA petition, *pro se*, on June 7, 2010, based on the United States Supreme Court's decision in **Graham v. Florida**, 560 U.S. 48 (2010) (prohibiting life without parole sentence for non-homicide juvenile offenders). He filed an amended petition on June 28, 2010, and a second amended petition on July 16, 2012. On December 16, 2013, Northington filed for leave to amend his PCRA petition, based on the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012) (prohibiting application of mandatory sentence of life imprisonment without possibility of parole for all defendants who were under age 18 at time of commission of offense). This petition was dismissed on April 24, 2015, on the ground that the Pennsylvania Supreme Court declined to make **Miller** retroactive in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), and the dismissal was affirmed by this Court on January 13, 2016. **See Commonwealth v. Northington**, 1535 EDA 2015 (Pa. Super. filed Jan. 13, 2016) (unpublished memorandum decision).

On February 11, 2016, Northington filed another PCRA petition, *pro se*, following the United States Supreme Court's decision in **Montgomery v.**

*Louisiana*, 577 U.S. 190 (2016), which made retroactive the prohibition against mandatory life sentences for juveniles under *Miller*. The PCRA court granted Northington's petition and re-sentenced him to 39 years' to life imprisonment. Resentencing Order, 9/25/17.

Northington filed the instant PCRA petition *pro se* on April 12, 2023. The PCRA court issued its notice of intent to dismiss under Pa.R.Crim.P. 907 on April 4, 2025, to which Northington responded on April 16, 2025. The court formally dismissed the petition on June 26, 2025. Northington filed this timely appeal.

Northington raises the following questions for our review:[1]

1. [Northington] plea[d]s actual innocence. Contrary to [the PCRA court's] opinion[,] [in] which [Judge Scott] D[iC]laudio fails to acknowledge[ or] address [this argument] in any form. [See t]he concise declaration of witness Frederick Davis, submitted with PCRA petition. []

2. All court[-]appointed attorney[s] for [Northington] were ineffective for failing to present evidence of actual innocence[,]

_____

[1] Northington's "brief" is limited to his statement of questions presented. In lieu of any argument, he attaches three exhibits, comprised of two letters and one article. Thus, Northington has waived all his issues on appeal. *See Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa. Super. 2006) (arguments not properly developed in briefs are waived); *see also Commonwealth v. Taylor*, 277 A.3d 577, 591 (Pa. Super. 2022) ("When issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.") (citation omitted); *Commonwealth v. Balestier-Marrero*, 314 A.3d 549, 556 (Pa. Super. 2024) (PCRA petitioner's "bald claim" is waived because of insufficient analysis and/or lack of legal support). However, because his petition is untimely, *see infra*, and he failed to plead and prove any exception to the PCRA's timing requirements, the PCRA court had no jurisdiction to consider the merits of his petition.

including trial counselor Sterioes Gainopoulious[,] [Esq.,] who in fact was an imposter.[2] []

3. [] Scott D[i]Claudio[’s] opinion/order to dismiss [the PCRA petition] is flaw[ed]. The order is dated[] June 26, 2025. Where[]as [Judge] D[i]Claudio[] was removed from the bench[] due to unethical, corrupt misconduct on June 25, 2025.[3] []

Brief of Appellant, at 1 (unpaginated) (unnecessary capitalization removed).

Prior to addressing Diaz's claims on appeal, we must determine whether the PCRA court properly determined that his petition was untimely and,

_____

[2] Northington did not raise this issue in his PCRA petition or his response to the PCRA court's Pa.R.Crim.P. 907 notice. However, he appends to his appellate brief, as Exhibit B, a letter from the Attorney Registration Office, dated February 26, 2013, which states that there is no attorney by the name of "Sotireos Gainopoulios" (different spelling as the petition or brief) in their database of attorney identification numbers. No claim regarding trial counsel was raised before the PCRA court and, therefore, any challenge to trial counsel's effectiveness or presence as an imposter is waived. *See* *Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006) (issue waived where not presented in original PCRA petition).

[3] As the Commonwealth discerns, Northington's understanding of Judge Scott DiClaudio, Jr.'s status at the time the PCRA court opinion was filed is incorrect. The July 12, 2025 article Northington attaches as Exhibit 3 reports that Judge DiClaudio was placed on administrative leave due to allegations of misconduct, but noted that the Pennsylvania Judicial Conduct Board was still investigating these allegations. The Judicial Conduct Board filed a complaint against Judge DiClaudio on September 9, 2025, stating, *inter alia*, that "as a result of his conduct during [the underlying incident], on June 25, 2025, Administrative Judge Anders **limited Judge DiClaudio's present judicial assignment only to drafting and filing Pa.R.A.P. 1925(a) opinions for matters on appeal to the Pennsylvania Superior Court**." *See* Appellee's Brief, Attachment A, at 2 ¶ 11 (emphasis added). The same day, the Judicial Conduct Board filed a Petition for Relief for Interim Suspension Without Pay. *Id.* at p. 10. Thus, Judge DiClaudio was still an active jurist who was assigned to Northington's case in June 2025, when he authored the Rule 1925(a) opinion, and Northington's third issue on appeal is meritless.

therefore, that it lacked jurisdiction to consider its merits. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final, *i.e.*, at the conclusion of direct review or the expiration of the time period for seeking review, unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[4] ***See*** 42 Pa.C.S.A. §§ 9545(b)(1), (b)(3); ***Commonwealth v. Burton***, 158 A.3d 618, 623 n.7 (Pa. 2017). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. ***See id.*** at § 9545(b)(2). This is a jurisdictional requirement and, "therefore, [PCRA] courts are prohibited from considering an untimely PCRA petition." ***Commonwealth v. Lopez***, 249 A.3d 993, 999 (Pa. 2021), citing ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020).

---

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Instantly, Northington was sentenced on April 26, 1973. Our Supreme Court affirmed his judgment of sentence on March 17, 1976. Northington did not seek relief in the United States Supreme Court; thus, his sentence became final on April 18, 1976, and he had until April 18, 1977 to file a timely PCRA petition.[5] Because Northington did not file the instant petition until April 12, 2023, it is facially untimely.[6] To establish jurisdiction, therefore, Northington would need to plead and prove that one of the enumerated exceptions to the timeliness requirement applies.

In his PCRA petition, Northington asserted the newly discovered facts exception to the time bar to establish jurisdiction. Specifically, Northington asserted that "[t]he person who actually committed the crime [came] forward[,] contacting the District Attorney. Telling the truth that he committed the crime and [Northington] did[ not]." PCRA Petition, 4/12/23, at 3 (unnecessary capitalization removed). He is entitled to no relief.

To overcome the PCRA's time bar under the newly discovered facts exception, a petitioner must prove that "(1) the facts upon which the claim is

---

[5] The Commonwealth correctly notes that prospective appellants had only thirty days to file petitions for writs of certiorari before 1980. **See** Appellee's Brief, at 8 n.1; Sup. Ct. R. 22 (1971) (amended 1980).

[6] As both the PCRA court and the Commonwealth recognize, resentencing does not restart the clock for purposes of finality of judgment of sentence. **See Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); **see also Commonwealth v. Walker**, 2022 WL 17258593, at *5 (Pa. Super. filed Nov. 29, 2022) (unpublished memorandum decision). Even if it did, Northington's re-sentencing occurred on September 25, 2017, well over a year before Northington filed his most recent PCRA petition.

predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Myers***, 303 A.3d 118, 121 (Pa. Super. 2023). "The focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Id.***, quoting ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008).

Northington claims that Frederick Davis came forward and admitted to committing the murder of which Northington was convicted. ***See*** PCRA Petition, 4/12/23, at 3. However, Northington did not attach an affidavit from Davis to his petition[7] and, further, did not indicate when he learned this information or explain why he could not have discovered it earlier. Indeed, the Pennsylvania Supreme Court's opinion in codefendant Davis's case reports that the "uncontradicted" testimony at Davis's trial established that two of the six knife wounds that ultimately killed the victim were "inflicted by Davis personally," a fact available to Northington as early as the Pennsylvania

_____

[7] Northington attached to his brief a letter from Davis to Philadelphia District Attorney Larry Krasner, dated January 22, 2022, stating that Northington "is innocent," in that "[h]e did[ not] have any[]thing to do with the murder or robbery, because he stoo[d] on the side[]line and watched." Appellant's Brief, at Exhibit A. This letter, however, was not appended to Northington's PCRA petition, but rather submitted to the PCRA court as an attachment to his response to its Pa.R.Crim.P. 907 notice. Northington did not seek leave to amend his petition under Pa.R.Crim.P. 905 and, therefore, the contents of the letter are not properly before us. ***See Commonwealth v. Rykard***, 55 A.3d 1177, 1192 (Pa. Super. 2012) (where petitioner raised new claims in response to PCRA court's Pa.R.Crim.P. 907 notice, PCRA court not required to address claims because petitioner did not seek to amend petition).

Supreme Court's published decision in Davis's case. **_See Commonwealth v._**
**_Davis_**, 314 A.2d 313, 314 (Pa. 1974).

Because Northington's PCRA petition is facially untimely, and he has
failed to plead and prove any timeliness exception, we affirm the PCRA court's
order dismissing his petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/11/2026