J-A23041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CYRANO MORRISON JR. :
:
Appellant : No. 1032 WDA 2024

Appeal from the PCRA Order Entered July 29, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013037-2015

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: November 12, 2025**

Appellant, Cyrano Morrison Jr., appeals *pro se* from the post-conviction court's July 29, 2024 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's case are not germane to his instant appeal. Procedurally, on August 28, 2018, Appellant entered a negotiated guilty plea to one count of third-degree murder in exchange for a sentence of 20 to 40 years' incarceration, which was imposed that same day.  He did not file a direct appeal and therefore, his judgment of sentence became final on September 27, 2018, when the 30-day time-period for filing an appeal with this Court expired.  **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of

appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken).

Appellant filed his first *pro se* PCRA petition on August 28, 2019. Diane Stavroulakis, Esq., was appointed to represent him. Counsel filed an amended petition on Appellant's behalf on April 14, 2020, arguing that Appellant's plea counsel had acted ineffectively by briefly representing both Appellant and his co-defendant during the early stages of Appellant's case, and for not filing a motion to withdraw Appellant's plea on the basis that it was unlawfully induced and invalid. On June 24, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond, and on August 7, 2020, the court issued an order dismissing his petition. He filed a timely appeal, and after this Court affirmed, our Supreme Court denied his petition for allowance of appeal. **See Commonwealth v. Morrison**, 260 A.3d 179 (Pa. Super. 2021) (unpublished memorandum), *appeal denied*, 270 A.3d 1106 (Pa. 2022).

On February 7, 2023, Appellant filed his second *pro se* PCRA petition, which underlies the instant appeal. Therein, he asserted that his plea counsel was ineffective for not filing a direct appeal on his behalf, and that Attorney Stavroulakis was ineffective for not raising this issue in his first PCRA petition. **See** *Pro Se* PCRA Petition, 2/7/23, at 4. On February 17, 2023, the PCRA court appointed George Mizak, Esq., to represent Appellant. After requesting and being granted several extensions to file an amended petition on

- 2 -

Appellant's behalf, Attorney Mizak filed a petition to withdraw and a **Turner/Finley**[1] 'no merit' letter on June 20, 2024.

Therein, Attorney Mizak began by noting that because Appellant "had entered a guilty plea with a negotiated sentence, [counsel] assessed that[,] even if successful in restoring his direct appeal rights[,] there was essentially no basis upon which relief could be obtained via a direct appeal." No-Merit Letter, 2/17/23, at 4. **See also Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017) ("Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea[,]" and where "the plea agreement contains a negotiated sentence…, there is no authority to permit a challenge to the discretionary aspects of that sentence.") (citation omitted). Attorney Mizak also pointed out that in Appellant's first PCRA petition, Attorney Stavroulakis had attacked the validity of Appellant's guilty plea (via an ineffectiveness claim for not filing a motion to withdraw that plea), and this Court had deemed the challenge to be meritless. No-Merit Letter at 4. **See also Commonwealth v. Morrison**, No. 937 WDA 2020, unpublished memorandum at *9-13 (Pa. Super. filed July 30, 2021) (discussing Appellant's challenge to the validity of his guilty plea and concluding it was meritless).

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

After noting these facts, Attorney Mizak then assessed Appellant's layered ineffectiveness claims. Initially, Attorney Mizak observed that Appellant's petition was untimely and, therefore, he would have to demonstrate that his ineffectiveness claims satisfied an exception to the PCRA's timeliness requirement. No-Merit Letter at 5-6. Attorney Mizak recognized that our Supreme Court decided, in **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021), that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 7. However, counsel explained that in **Commonwealth v. Stahl**, 292 A.3d 1130 (Pa. Super. 2023), this Court held that, "[n]othing in **Bradley** creates a right to file a second PCRA petition **outside the PCRA's one-year time limit** as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." **Id.** (quoting **Stahl**, 292 A.3d at 1135) (emphasis added)). Attorney Mizak also stressed that "various decisions post-**Bradley** and post-**Stahl** … have concluded that **Bradley** does not create a new constitutional right that applies retroactively[,] and does not constitute a newly[-]discovered fact for purposes of the exceptions to the time[-]limitation period" of the PCRA. **Id.** at 7-8 (citing, *inter alia*, **Commonwealth v. Ridgeway**, No. 2976 EDA 2022, unpublished memorandum at *3 (Pa. Super. filed May 7, 2024) (stating that "this Court has continually declined to extend

the holding of **Bradley** to cases involving untimely petitions");[2] **Commonwealth v. Rivera**, No. 1620 MDA 2022, unpublished memorandum at *3 (Pa. Super. filed Oct. 5, 2023) (citing **Stahl's** rejection of an argument that a PCRA petition filed after **Bradley's** publication was the first opportunity to raise a claim of PCRA counsel's ineffectiveness, as the petitioner was aware of those claims prior to **Bradley**, and the "publication of new cases cannot serve as a 'fact' that triggers the [section 9545(b)](ii) exception") (citation omitted)). Accordingly, Attorney Mizak concluded that, because Appellant's ineffectiveness claims could "not satisfy an exception to the limitations period[,]" his "*pro se* PCRA petition [was] untimely" and no relief was due. **Id.** at 7-8.

On June 26, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The court agreed with Attorney Mizak that, pursuant to "post-**Bradley** decisions" such as **Stahl**, Appellant's "layered [ineffectiveness] claims are untimely and do not qualify as an exception to the statutory time-bar." Rule 907 Notice, 6/26/24, at 2-3. Thus, the court granted Attorney Mizak's petition to withdraw, notified Appellant of its intent to dismiss his petition without a hearing, and informed him that he could file a response to the court's Rule 907 notice within 20 days.

Appellant did not file any response. On July 29, 2024, the court issued an order dismissing his *pro se* petition on the basis that it was untimely.

---

[2] Pursuant to Pa.R.A.P. 126(b), non-precedential decisions filed by the Superior Court after May 1, 2019, may be cited for their persuasive value.

Appellant filed a timely *pro se* notice of appeal. Appellant and the court thereafter complied with Pa.R.A.P. 1925.[3] Appellant now presents one issue for our review:

> Whether PCRA counsel ([Attorney] Mizak…) provided ineffective assistance when he failed to amend [Appellant's] PCRA petition to include a timeliness exception pursuant to 42 Pa.C.S.[] § 9545(b)(1)(ii), where initial PCRA counsel failed to argue in her brief to the Superior Court[] that [Appellant's] right to [a] direct appeal under Article V[,] Section 9 of the PA. Constitution had been violated when[] plea counsel failed to file a direct appeal at the request of [Appellant?]

Appellant's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**

---

[3] In lieu of a Rule 1925(a) opinion, the court filed an order stating that it was relying on the rationale set forth in its Rule 907 notice. **See** Order, 12/6/24.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant argues that Attorney Mizak was ineffective for not filing an amended PCRA petition to assert a claim under the newly-discovered-fact exception of section 9545(b)(1)(ii). In support, he avers that the "new fact" he discovered was that Attorney Stavroulakis failed to raise a claim, in Appellant's first PCRA petition, that his plea counsel was ineffective for failing to file a direct appeal on his behalf. According to Appellant, he

did not know of [Attorney Stavroulakis's] actions until he filed his second PCRA petition and was appointed current counsel. It was through counsel that he was made aware of the fact that []Attorney Stavroulakis[] failed to argue the fact that … Appellant's right to [a] direct appeal had been violated.

- 7 -

Appellant's Brief at 20-21.[4]  Appellant claims that he is presently permitted to challenge Attorney Mizak's effectiveness under **Bradley**.  **Id.** at 16.

We disagree.  Again, the law is clear that **Bradley** does not provide relief for untimely PCRA petitioners.  **See Stahl**, 292 A.3d at 1136 ("Nothing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right.").  In **Commonwealth v. Laird**, 331 A.3d 579 (Pa. 2025), our Supreme Cout reiterated that its holding in "**Bradley** did not establish an equitable exception to the PCRA's time-bar" and "its rationale cannot be extended to create one."  **Id.** at 583.  Thus, because Appellant's instant petition is untimely, he cannot rely on **Bradley** to assert the ineffectiveness of either Attorney Mizak, Attorney Stavroulakis or his plea counsel.

In any event, we also point out that even if **Bradley** did apply, Appellant is not raising Attorney Mizak's purported ineffectiveness "at the first opportunity to do so," as **Bradley** requires.  **Bradley**, 261 A.3d at 401.  In

_____

[4] We note that Appellant does not elaborate on why he did not receive a copy of Attorney Stavroulakis's amended PCRA petition, the appellate brief she filed with this Court, or our decision disposing of his appeal from the dismissal of his first PCRA petition.  He also does not explain why he could not have discovered any of these documents with the exercise of due diligence, which is required for him to meet the newly-discovered fact exception.  **See Commonwealth v. Myers**, 303 A.3d 118, 121 (Pa. Super. 2023) (stating that the newly-discovered-fact exception "requires the petitioner to plead and prove that (1) the facts upon which the claim is predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence") (citations omitted).

***Bradley***, the petitioner continued to be represented by the attorney whose representation he sought to challenge ***until the appeal process had begun***; thus, Bradley's first opportunity to raise counsel's ineffectiveness was on appeal. Here, in contrast, the PCRA court granted Attorney Mizak's petition to withdraw in its Rule 907 notice. At that point, Appellant was proceeding *pro se*, and he could have raised, ***in response to the PCRA court's Rule 907 notice***, his instant claim that Attorney Mizak acted ineffectively by not filing an amended petition. Notably, in Attorney Mizak's June 20, 2024 motion to withdraw, he included a letter to Appellant, in which he stated:

> You should know that if [the PCRA court] agrees with my assessment that the current petition is time barred, you will, in all likelihood, be served with a notice of intent to dismiss your PCRA petition. You may object to that action, but you will need to respond within 20 days or seek the enlargement of the time within which to respond. The [r]esponse to a notice of intent to dismiss is your opportunity to explain to [the court] why my assessment is incorrect and to raise any issues you believe entitle you to PCRA relief. ***It may also be the only opportunity you will have to assert that I have been ineffective in the discharge of my duties to you as court-appointed counsel***.

Motion to Withdraw Letter to Appellant, 6/20/24, at 1 (emphasis added). The certificate of service demonstrates that counsel's motion to withdraw, including this letter, was served on Appellant by first class mail on June 20, 2024. Additionally, in the court's Rule 907 notice issued on June 26, 2024, the court informed Appellant that he "may file a response to this proposed dismissal within twenty (20) days[,]" and that he had the right to proceed *pro se* or retain private counsel. Rule 907 Notice at 4 (emphasis omitted).

However, Appellant did not file any response to counsel's motion to withdraw, or to the court's Rule 907 notice, raising his claim of Attorney Mizak's ineffectiveness. Instead, he is asserting this claim for the first time on appeal. Given these circumstances, even if **Bradley** did permit Appellant to raise his ineffectiveness claim regarding Attorney Mizak in his untimely petition, we would conclude that Appellant has waived it by not raising it at the first opportunity to do so, which was in response to the court's Rule 907 notice. We also discern no error in the PCRA court's conclusion that Appellant failed to meet a timeliness exception by arguing that Attorney Stavroulakis acted ineffectively by failing to assert plea counsel's ineffectiveness for not filing a direct appeal on Appellant's behalf.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/12/2025