J-S47039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTOINE L. RIGGINS | : | |
| | : | |
| Appellant | : | No. 1752 EDA 2025 |

Appeal from the PCRA Order Entered May 30, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0204501-2006

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED APRIL 13, 2026**

Antoine L. Riggins ("Riggins") appeals pro se from the order entered by the Philadelphia County Court of Common Pleas dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Although we conclude that Riggins satisfied the criteria for one of the two timeliness exceptions raised before the PCRA court, we nonetheless agree with the PCRA court that he is not entitled to collateral relief. We therefore affirm.

On November 17, 2005, Riggins shot and killed Terrell Pough ("Pough") in the Germantown neighborhood of Philadelphia. A witness observed three men in dark hoodies standing together before the shooting. Riggins and another man left the scene in Pough's white Honda. The police eventually

_____

[1] 42 Pa.C.S. §§ 9541-9546.

arrested Riggins, who confessed to killing Pough because he owed Riggins money for drugs. The case proceeded to a jury trial in March 2007. At trial, detectives testified that Riggins had confessed to the killing. Riggins denied killing Pough and testified that he was at the home of Darlene Taylor ("Taylor") at the time of the shooting. Taylor testified, however, that Riggins asked her to lie on his behalf and that he was not at her home at the time of the shooting.

The jury found Riggins guilty of first-degree murder, robbery, criminal conspiracy, possessing an instrument of a crime, and other related offenses. The trial court sentenced Riggins to an aggregate term of life in prison without parole plus a consecutive prison sentence of ten to twenty years. This Court affirmed his judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on April 26, 2011. **See Commonwealth v. Riggins**, 3314 EDA 2008 (Pa. Super. June 7, 2010) (non-precedential decision), *appeal denied*, 20 A.3d 1211 (Pa. 2011).

On April 23, 2012, Riggins filed a timely PCRA petition, which the PCRA court dismissed. Riggins did not file a direct appeal. On February 11, 2014, he filed a second PCRA petition, arguing, in relevant part, that his trial counsel was ineffective for failing to argue that he was entitled to protection under **Miller v. Alabama**, 567 U.S. 460 (2012) and **Montgomery v. Louisiana**,

577 U.S. 190 (2016),[2] despite the fact he was nineteen years old at the time of the crimes. The PCRA court dismissed the petition, this Court affirmed, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Riggins*, 1110 EDA 2016, 2018 WL 1528673 (Pa. Super. Mar. 29, 2018) (non-precedential decision), *appeal denied*, 194 A.3d 555 (Pa. 2018).

On March 11, 2024, Riggins filed pro se the PCRA petition underlying this appeal, invoking the newly-discovered fact and newly-recognized constitutional right exceptions to the PCRA's time-bar. In the petition, Riggins attached an affidavit from Carlos Gonzalez ("Gonzalez") wherein he stated:

> In November of 2005, I witnessed the murder of a guy as I was walking down the street in the Germantown section of Philly. Moments before the shooting, I accidentally bumped into a brown skin black guy about 5'9" of 5'10" with a beard with like a red or brown patch in it. Wearing a black hoodie. He was with two other dudes wearing dark hoodies too. After I bumped the black guy, he lifted his shirt and showed me a revolver type of gun and asked me, "What's up." I did not want any problems with him, so I just put my hands up and walked away. As I walked to my car, I heard a gunshot so I ducked in between some cars because I thought I was being shot at. When I looked around the car, I saw the same guy I bumped standing over one of the guys he was with holding a [gun]. Right then, he started running in my direction but ran pass [sic] me. I noticed the other he was with get into a white car. Once I felt safe, I ran to my car and drove off. The next day I seen it on the news, but did not say anything because I did not want to be involved.

_____

[2] In *Miller*, the United States Supreme Court held that a sentencing scheme mandating the imposition of life in prison without the possibility of parole for juvenile offenders under the age of eighteen violated the Eighth Amendment. *Miller*, 567 U.S. at 478. In *Montgomery*, the Court held that *Miller* applied retroactively. *Montgomery*, 577 U.S. at 212.

Affidavit, 2/23/2024.

Riggins averred in his petition that Gonzalez was unknown to him during and after trial, and the Commonwealth did not know he existed. PCRA Petition, 3/11/2024, at 9 (unpaginated). Additionally, Riggins indicated he became aware of Gonzalez in February 2024. *Id.* Given that the prosecution did not present any eyewitnesses placing him at the scene of the murder at trial, Riggins argued that the outcome may have been different if Gonzalez's testimony was presented to the jury. Additionally, Riggins again argued that he is entitled to the constitutional protections announced in *Miller*.

The PCRA court issued a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Riggins filed a response, seeking to amend his petition and an evidentiary hearing. Subsequently, the PCRA court dismissed the petition as untimely. Riggins then filed a timely notice of appeal. He raises two issues for our review:

I. Did the [PCRA court] abuse its discretion when it denied [Riggins] an evidentiary hearing under the provisions of the Pennsylvania statute for newly discovered evidence[?]

II. Did the [PCRA court] deny [Riggins] relief under the equal protection[] of the law under the state and federal constitution[s?]

Riggins' Brief at 7 (unnecessary capitalization omitted).

Prior to considering the merits of the claims raised, this Court "must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (citation

omitted). The timeliness requirement "is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018).

All PCRA petitions, including second or subsequent petitions, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner pleads and proves one of the exceptions to the timeliness requirement. 42 Pa.C.S. § 9545(b)(1). The exceptions to the one-year time-bar include:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) The fact upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by the court to apply retroactively.

*Id.* § 9545(b)(1). A PCRA petition invoking any of the above exceptions must be filed within one year of the date the claim could have been presented. *Id.* § 9545(b)(2).

Riggins' judgment of sentence became final on July 25, 2011, after the time to seek review with the United States Supreme Court expired. *Id.* § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). As such, this PCRA petition, filed on March 11, 2024, is facially untimely. We therefore examine the timeliness exceptions that Riggins raised both before the PCRA court and this Court to determine whether we have jurisdiction to review the merits of his claims.

First, Riggins invokes the newly-discovered facts exception to the PCRA time-bar. Riggins' Brief at 16. He claims that Gonzalez's affidavit supports the evidence admitted at trial, including that there were three males outside an apartment complex wearing dark-colored hoodies and there was one gunshot. *Id.* at 17. According to Riggins, the affidavit included enough detail to satisfy the requirements of a newly-discovered fact. *Id.* at 18-19. In any event, Riggins argues that he should be permitted to amend his petition to fix any flaws in the affidavit. *Id.* at 19. He ultimately seeks an evidentiary hearing. *Id.* at 20.

The PCRA court found that Riggins failed to satisfy the requirements of the newly-discovered fact exception because Gonzalez provided only a "vague and fragmented account," which "failed to demonstrate [Riggins'] non-involvement[.]" PCRA Court Opinion, 5/30/2025, at 2 (citing *Commonwealth v. Yarris*, 731 A.2d 581, 588 (Pa. 1999)). Specifically, it found

> the affidavit does not reference any specific date, address, time of day, or identity of anyone he observed in November of 2005. Even assuming that Gonzalez's account pertains to the instant offense, he doesn't indicate that he observed anyone either, discharge a firearm or sustain a gunshot wound. Instead, Gonzalez merely states that he heard a gunshot at some unspecified time after encountering multiple unknown individuals, one in possession of a gun.

*Id.*

We are mindful that "[o]ur review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (citation omitted). "We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions de novo." *Id.* (citations omitted).

"To invoke the newly-discovered facts exception, a petitioner must plead and prove facts that were unknown to the petitioner despite the exercise of due diligence." *Commonwealth v. Branthafer*, 315 A.3d 113, 128 (Pa. Super. 2024). "Pennsylvania case law is unmistakably clear that only new

- 7 -

facts, not newly-uncovered information pertinent to previously known facts, trigger the timeliness exception pursuant to Section 9545(b)(1)(ii)." *Id.* at 130. "The newly-discovered facts exception, however, does not require any merits analysis of the underlying claim, and application of the time-bar exception, therefore, does not necessitate proof of the elements of a claim of after-discovered evidence." *Id.* at 128 (brackets and citation omitted).

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Myers*, 303 A.3d 118, 121-22 (Pa. Super. 2023). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing [that] the party has put forth reasonable effort to obtain the information upon which [the] claim is based." *Commonwealth v. Cox*, 146 A.3d 221, 230 (Pa. 2016).

The record reflects that Riggins' claim of newly-discovered facts concerns the eyewitness statement, made by Gonzalez, who he averred was not known to him or to the Commonwealth at the time of trial. This is supported by Gonzalez's statement that he did not "say anything" at the time because he did not want to be involved. *See* Affidavit, 2/23/2024. Gonzalez's statement includes new facts, including an eyewitness description of one of the men at the scene of the shooting, and he is not a newly-willing source of already-known information. Although the PCRA court is correct that Gonzalez

did not provide an exact date, address, or time of day of the shooting, the details he provides are substantially similar and demonstrate a relationship to those surrounding the murder as presented at trial, including that there were three men involved in the shooting wearing dark hoodies, and at least some of the participants in the shooting leaving in a white car. We therefore disagree that Gonzalez's statement was unsupported or insufficiently specific to satisfy the newly-discovered fact exception to the time-bar. **See Commonwealth v. Shannon**, 184 A.3d 1010, 1017 (Pa. Super. 2018) (noting that there "need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner," but "the statutory language requires there be some relationship between the two").

Instead, our review reflects that Gonzalez's statement and the information contained therein that identified someone other than Riggins as the shooter was unknown to Riggins, and could not have been obtained earlier through due diligence, as Gonzalez did not come forward with this information until February 2024. Upon discovering the new statements, Riggins filed his PCRA petition on March 11, 2024, within the required one-year time period. Therefore, we conclude that Riggins has invoked the newly-discovered fact exception to the jurisdictional time-bar.

We therefore turn to consider his first claim: whether the PCRA court erred by denying him an evidentiary hearing based upon this after discovered evidence. **See Commonwealth v. Cox**, 146 A.3d 221, 227-28 (Pa. 2016)

("Once jurisdiction has been properly invoked …, the relevant inquiry becomes whether the claim is cognizable under the PCRA.").

> Section 9543, titled "Eligibility for relief," governs this inquiry. Among other requirements not pertinent to this appeal, section 9543 delineates seven classes of allegations that are eligible for relief under the PCRA. ***See*** 42 Pa.C.S.[] § 9543(a)(2). Of relevance here is the "after-discovered evidence" provision, which states that a claim alleging "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced" is cognizable under the PCRA.

***Id.*** at 228.

> Relief is due when the proponent can demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. Failure to satisfy any one prong is fatal to the claim.

***Commonwealth v. Crumbley***, 270 A.3d 1171, 1178 (Pa. Super. 2022) (citation and quotation marks omitted).

Here, Riggins cannot demonstrate that the new evidence from Gonzalez would compel a different verdict at a new trial. First and foremost, Gonzalez does not state he saw the shooter, nor does he state that Riggins was not the shooter. Further, the record reflects that Detective Crystal Williams testified at trial that Riggins signed a confession, wherein he admitted to shooting and killing Pough, that he took Pough's vehicle, and he stashed the gun at the home of the mother of his child, Amoy Archer ("Archer"). N.T., 3/1/2007, at 132-40. Archer likewise testified that Riggins admitted to shooting Pough and

that he left the gun at her home. N.T., 2/27/2007, at 170-73. Finally, Taylor testified that Riggins told her to lie and state that he was at her home at the time of the shooting, and that Riggins admitted to shooting Pough over a drug debt. N.T., 3/5/2007, at 168-73.

Because the new evidence fails to call into question Riggins' numerous confessions that he shot and killed Pough, the result of the trial would not have been different with Gonzalez's testimony; it does not establish any doubt about Riggins' convictions arising out of the murder. Accordingly, Riggins has not established he meets the requirements of an after-discovered evidence claim.

In support of his second PCRA claim, Riggins attempts to satisfy the newly-recognized constitutional right exception by claiming that he is entitled to relief under **Miller** and **Montgomery**. **See** Riggins' Brief at 21. Although he acknowledges he was over eighteen at the time of the murder, Riggins cites to **Commonwealth v. Tarselli**, 260 A.3d 111 (Pa. Super. 2021) (non-precedential decision), to support his entitlement to relief, alleging that the **Tarselli** Court found the petitioner in the case to be eligible for relief under **Miller** while he was still "legally eighteen." Riggins' Brief at 21. Riggins contends he is entitled to the same relief under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, § 26 of the Pennsylvania Constitution. **Id.** at 22.

The PCRA court found that Riggins failed to establish that the new constitutional right exception applied. PCRA Court Opinion, 5/30/2025, at 3. The court recognized **Miller** applies retroactively, but found that because Riggins was not a minor at the time of the murder, he was not entitled to its protections. **Id.** at 2. It further found his reliance on **Tarselli** to be unavailing, as that case was decided pursuant to "a unique set of facts and circumstances where the actual birthdate was in question, a situation which is inapplicable to Petitioner. **Id.** at 2-3 (citing **Tarselli**, 260 A.3d 111).

We agree with the PCRA court that Riggins' attempt to invoke the new constitutional right exception fails. In **Tarselli**, this Court held that the petitioner was eligible for resentencing under **Miller** and **Montgomery** because he established by a preponderance of the evidence that he was likely under eighteen years old at the time of his crime because of cultural differences in age determination in Korea, where a child is considered one year old at birth. **Tarselli**, 260 A.3d 111, at **3-4. Of particular relevance here, this Court stated: "This scenario is unique and unlikely to recur." **Id.** at *4.

**Tarselli** applied the holding of **Miller** to a unique factual circumstance; it did not recognize any new constitutional right. As such, **Tarselli** itself does not constitute a basis to overcome the PCRA's time-bar.

As for the new right recognized in **Miller**, Riggins previously litigated a **Miller** claim in his second PCRA petition, which the PCRA court rejected and

this Court affirmed. *See* 42 Pa.C.S. § 9544(a). As this Court found, "**Miller** applies to juveniles under the age of eighteen at the time the crimes were committed, and [Riggins] was nineteen years old at the time of his offense." **Riggins**, 2018 WL 1528673, at *6 (citing **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016)); *see also Pew*, 189 A.3d at 490 ("**Miller** and **Montgomery** are unambiguously limited to juvenile offenders."). Although he now attempts to invoke **Tarselli** to support his claim that **Miller** applies to him, our Supreme Court has held that an "[a]ppellant cannot obtain post[-]conviction review of claims previously litigated on appeal by presenting new theories of relief to support the previously litigated claims." **Commonwealth v. Brown**, 872 A.2d 1139, 1145 (Pa. 2005). Thus, Riggins is not entitled to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/13/2026