J-S13042-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL J. WEST | : | |
| | : | |
| Appellant | : | No. 1527 EDA 2025 |

Appeal from the PCRA Order Entered May 12, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0130361-1983

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED APRIL 30, 2026**

Appellant, Nathaniel J. West, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this matter are as follows.[2] In 1979, Appellant and his co-defendant stabbed William Grant Johnson to

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The certified record includes a letter from the Philadelphia Court of Common Pleas, Appeals Unit, noting that the case file is missing from the file room. (**See** Notice to Superior Court Prothonotary's Office, 7/23/25).  The Appeals Unit reconstructed the record from available court documents but many items are missing.  This Court was able to glean additional information and confirm certain dates through prior decisions of this Court, the UJS Portal system, as well as any documents and transcript excerpts provided by Appellant as exhibits attached to his PCRA petition, where the Commonwealth did not object to their accuracy. (**See** https://ujsportal.pacourts.us/CaseSearch, last accessed Apr. 7, 2026).

death. On July 15, 1983, a jury convicted Appellant of murder in the first degree, criminal conspiracy, and possessing an instrument of crime ("PIC"). On March 12, 1984, Appellant was sentenced to life in prison without the possibility of parole.

On September 30, 1988, this Court vacated Appellant's judgment of sentence for PIC, but affirmed all other aspects of his sentence; on July 19, 1989, the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. West*, No. 01094 Philadelphia 1984 (Pa.Super. filed Sep. 30, 1988) (unpublished memorandum), *appeal denied*, 522 Pa. 619, 563 A.2d 888 (1989).

Subsequently, Appellant unsuccessfully litigated serial PCRA petitions. Relevantly, his 2009 PCRA petition concerned the witness statement of Winslow Bradford. Appellant argued that the Commonwealth failed to locate Mr. Bradford and to turn over his statement, which Appellant claimed was exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Appellant also asserted the newly-discovered facts exception regarding Mr. Bradford's statement, admitting that the existence of the witness in question was known to him at the time of trial but claiming that he was unable to locate the witness until 2009. On appeal from the denial of PCRA relief concerning this petition, this Court affirmed, and our Supreme Court subsequently denied allowance of appeal. *See Commonwealth v. West*, No. 3620 EDA 2009 (Pa.Super. filed Nov. 8, 2010) (unpublished memorandum), *appeal denied*, 610 Pa. 608, 20 A.3d 1211

(2011). In affirming the denial of PCRA relief, this Court held: 1) Appellant did not allege that a governmental official obstructed his ability to file a PCRA petition raising the issue, and thus he did not meet the requirements of the time-bar exception, and 2) Appellant did not detail any effort made to locate the witness or explain why it took his co-defendant over 19 years to locate the witness, and thus did not demonstrate due diligence.

On February 20, 2022, Appellant filed the instant PCRA petition, in which he again relied on Mr. Bradford's statement. Appellant asserted the newly-discovered fact exception to the PCRA time-bar based on Mr. Bradford's affidavit describing the death of the victim in this case, which allegedly contradicted the testimony of a Commonwealth witness at trial. Alternatively, Appellant claimed that the Commonwealth had committed governmental interference via a ***Brady*** violation by withholding Mr. Bradford's statement.

On September 9, 2024, Appellant filed an amended PCRA petition. In it, he claimed that the Commonwealth had committed an additional ***Brady*** violation by allegedly withholding police patrol activity sheet(s). Appellant did not explain the contents of the patrol activity sheet or make any argument as to why such a sheet might constitute exculpatory evidence in his case or even how the activity sheet was relevant to his case. As an exhibit, Appellant attached notes of testimony from a 2018 hearing at another docket, completely unrelated to Appellant's case.

On April 15, 2025, the court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing

- 3 -

because it was untimely and had failed to establish an exception to the jurisdictional time bar. The notice indicated that Appellant had admitted he was aware of Mr. Bradford's statement as early as 2009, and trial transcripts indicated that Appellant's trial counsel had been aware of the existence of the statement at the time of trial.

On May 12, 2025, the PCRA court dismissed the petition as untimely. On May 19, 2025, subsequent to the formal dismissal of his petition, Appellant attempted to file a response to the Rule 907 notice.

On June 4, 2025, Appellant timely filed a notice of appeal. The court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant did not file one.

On appeal, Appellant raises the following issues for review:

> 1. WHETHER THE [PCRA] COURT ERRED BY FINDING THE PETITIONER'S PCRA PETITION UNTIMELY FILED, DESPITE THE FACT THE PRIOR APPLICATION OF A PUBLIC RECORDS PRESUMPTION BARRING REVIEW OF CLAIMS PRESENTED IN PREVIOUS PCRA PETITIONS AMOUNTED TO GOVERNMENTAL INTERFERENCE, SATISFY SECTION 9545(B)(l)(i), IN LIGHT OF THE PENNSYLVANIA SUPREME COURT'S DECISION IN *COMM. v. SMALL*, [662 PA. 309, 238 A.3D 1267 (2020)]?
>
> 2. DID THE PCRA COURT ERRONEOUSLY DISMISS APPELLANT'S PCRA PETITION WITHOUT A HEARING WHEN APPELLANT RAISED GENUINE ISSUES OF FACTS, THAT WAS UNKNOWN TO HIM AND COULD NOT HAVE OBTAINED THROUGH DUE DILIGENCE, AND IF RESOLVED IN HIS FAVOR, WOULD HAVE ENTITLED HIM TO RELIEF. PURSUANT TO OUR SUPREME COURT DECISION IN *COMM. v. D'AMATO*, 579 Pa. 490, 856 A.2d 806, 820 [(2004)].

(Appellant's Brief at 3).

In his issues combined, Appellant reiterates his prior claims that Mr. Bradford gave a witness statement to police on the night of the murder, that this statement was exculpatory, and that the Commonwealth failed to disclose it to the defense. Citing **Small, supra**, Appellant argues that the PCRA court erroneously applied the public records presumption to his 2009 petition, *i.e.*, the presumption that the defendant would know facts available in the public record.[3] According to Appellant, application of this presumption constituted governmental interference by the PCRA court and improperly foreclosed a merits review. Further, Appellant asserts that he exercised due diligence in attempting to locate Mr. Bradford. Appellant concludes that we should consider his current PCRA petition as timely and grant relief. We disagree.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Ballance**, 203 A.3d 1027 (Pa.Super. 2019), *appeal denied*, 654 Pa. 600, 216 A.3d 1044 (2019). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner

_____

[3] In **Small**, our Supreme Court overruled a prior "public records presumption," under which information available to the public could not have been considered facts that were "previously unknown" to PCRA petitioners for purposes of establishing the newly-discovered fact exception to the PCRA time-bar. **See Small, supra** at 339-340, 238 A.2d at 1285-1286.

- 5 -

must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

To meet the newly-discovered facts timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Howard*, 285 A.3d 652, 659 (Pa.Super. 2022). Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. *Id*. "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Id*. The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Burton*, 638 Pa. 687, 704, 158

- 6 -

A.3d 618, 629 (2017) (internal citation and quotation marks omitted).

"The proper question with respect to [the governmental interference] timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." *Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, 658 Pa. 538, 229 A.3d 565 (2020) (internal citation omitted). In other words, an appellant is required to show that he would have filed his claim sooner, if not for the interference of a government actor. *Commonwealth v. Staton*, 646 Pa. 284, 184 A.3d 949 (2018). Where a petitioner's allegation of governmental interference is based on an alleged *Brady* violation, "the proper questions with respect to timeliness in this case are whether the government interfered with Appellant's access to the [allegedly withheld evidence], and whether Appellant was duly diligent in seeking [that evidence]." *Commonwealth v. Stokes*, 598 Pa. 574, 581, 959 A.2d 306, 310 (2008).

Instantly, Appellant's judgment of sentence became final on or about September 18, 1989, 60 days after our Supreme Court denied Appellant's petition for allowance of appeal following his direct appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* former U.S.S.Ct. R. 20.1 (former rule noting that filing deadline for writ of *certiorari* was 60 days from date of denial of allowance of appeal). Appellant filed his current PCRA petition on February 20, 2022, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant now attempts to invoke the newly discovered facts and governmental interference exceptions to the PCRA time bar, relying in part on the affidavit of Mr. Bradford, and on the *Small* decision, asserting that the PCRA court's failure to review his 2009 petition on the merits constituted governmental interference. Nevertheless, his argument is without merit.

Initially, our review of the record belies Appellant's claim that the PCRA court had erroneously relied on the public record presumption when evaluating Appellant's 2009 PCRA petition. Indeed, when affirming the denial of PCRA relief concerning this petition, this Court explained:

> Appellant admits that the existence of the witness in question was known to him at the time of trial and that neither the Commonwealth nor Appellant were able to locate him for trial. The witness was found when Appellant's co-defendant's family hired a private investigator,[3] who located him in April 2009. Appellant does not detail any effort he made to locate this witness. Appellant also provides no explanation as to why it took his codefendant over nineteen years to locate the witness. The sole statement made by Appellant with respect to this issue, is his general contention that when Appellant spoke with a friend or family member he would ask them if they had seen or heard anything about the witness. These facts are simply insufficient to demonstrate that Appellant exercised due diligence.[4]
>
> [3] The record does not specify when Appellant hired the investigator.
>
> [4] We are cognizant of the fact that Appellant was incarcerated and, likely indigent. However, there were efforts Appellant could have made to locate this witness, who was known to him at the time of trial. Following the shooting, the victim fled to the home of Daisy Dennison. At that time, Dennison and the witness were co-habitating. Appellant could have contacted Dennison to see if she knew where the

> witness had moved. Appellant could have checked public records such as voter registration, driver's licenses, or the telephone book to attempt to locate the witness. Appellant could have asked for assistance from friends and family in checking records or taking other actions to locate the witness. He does not aver that he took any such actions.

*See West, supra*, No. 3620 EDA 2009, unpublished memorandum at 6-7.

Thus, the record confirms that this Court affirmed the denial of Appellant's 2009 PCRA petition based on a lack of due diligence. As this Court had made clear, "although *Small* eliminates the public record presumption, it does not abrogate the requirement that petitioners perform due diligence to discover the facts upon which their claim is predicated." *Commonwealth v. Myers*, 303 A.3d 118, 123 (Pa.Super. 2023). Appellant's current PCRA petition is therefore premised on a mistaken view of the record.

When denying relief on the current PCRA petition as it pertains to the newly discovered facts exception, the PCRA court further observed:

> Instantly, [Appellant] appears to be attempting to establish the newly discovered fact exception .... based upon the alleged fact that a witness falsely testified against him at trial. Specifically, [Appellant] alleges that a Commonwealth witness, Michelle Williams, falsely testified that she witnessed [Appellant] participate in the stabbing of the victim .... The evidence offered in support of this alleged fact is an affidavit from an individual named Winslow Bradford wherein Mr. Bradford claims that he gave a witness statement to police regarding the stabbing death of William Grant Johnson in 1979, and a copy of the statement that Mr. Bradford allegedly gave to police in 1979 wherein his account of the criminal incident in question purportedly contradicts the testimony of Ms. Williams. [Appellant] does not specify when he discovered the alleged fact at issue, but he appears to indicate that he raised the issue of Mr. Bradford's statement in a previous PCRA petition that he

- 9 -

filed in 2009 (stating that on May 27, 2009, [Appellant] filed a PCRA petition "predicated upon the discovery and content of [Mr. Bradford's] testimony"). Moreover, trial transcripts provided by [Appellant] appear to indicate that the defense was aware of the existence of Mr. Bradford's statement ,and the purported fact that it contradicted Ms. Williams' testimony, at the time of [Appellant's] trial.

At the outset, this [c]ourt finds that [Appellant] has failed to establish that the alleged fact at issue was previously unknown to him .... Instantly, [Appellant] openly admits that he was aware of the existence of Mr. Bradford's statement and its contents at least as early as May 27, 2009, when he filed a previous PCRA petition predicated upon this statement. Moreover, the trial transcripts shared by [Appellant] indicate that the purported fact that Mr. Bradford gave a witness statement to the police that contradicted Ms. Williams' testimony was known to the defense at [Appellant]'s trial in 1983. [Appellant] has failed to explain how the alleged fact that Ms. Williams falsely testified against him could have been previously unknown to him when he filed the instant petition in 2022 despite the fact that the purported evidence that he claims is proof of this alleged fact was explicitly referenced at his own trial in 1983, and was the subject of his previous PCRA petition filed in 2009. Thus, this [c]ourt finds that [Appellant] has failed to establish that the alleged fact at issue was previously unknown to him and his failure to do so is fatal to his time bar claim.

(PCRA Court Opinion, 5/12/25, at 1-3) (unpaginated, internal citations omitted).

Regarding Appellant's governmental interference argument, the PCRA court observed:

Alternatively, [Appellant] appears to be attempting to establish the newly discovered fact exception, [and/or] the governmental interference exception .... to the PCRA's timeliness requirement based upon the alleged fact that the prosecutor in his case withheld Winslow Bradford's statement from the defense in violation of **Brady**.

Specifically, [Appellant] appears to be asserting that the prosecutor in his case withheld [Mr. Bradford's] purported eyewitness account of the criminal incident in question that Mr. Bradford purportedly gave to the police in 1979.[6] The evidence offered in support of this alleged fact is Mr. Bradford's statement wherein he claims that he gave a signed statement to the police "regarding the stabbing death of Mr. William Grant Johnson" on November 10, 1979.

[6] [Appellant] also repeatedly asserts that Mr. Bradford passed a polygraph exam, and that the results of this exam were purportedly suppressed by the prosecution in his case. To the extent that [Appellant] is arguing that the purported suppression of Mr. Bradford's polygraph exam results constituted a ***Brady*** violation, this claim fails because [Appellant] has failed to substantiate the alleged fact that the prosecution in this case possessed this purported evidence, let alone that they withheld such evidence from the defense in violation of ***Brady***. Indeed, the only evidence that the alleged polygraph exam took place is an exchange at the end of Mr. Bradford's 1979 statement where he indicated that he would be willing to take a polygraph exam. The purported fact that Mr. Bradford was willing to take a polygraph exam, if true, is not even sufficient to establish that such an examination actually took place, let alone that [Appellant's] prosecutor possessed the results of this exam and withheld them from the defense in violation of ***Brady***.

This [c]ourt finds that [Appellant] has failed to substantiate the alleged fact that the prosecution in his case withheld Mr. Bradford's statement from the defense in violation of ***Brady***. While [Appellant] claims that Mr. Bradford's statement was withheld from the defense in his case, he also appears to contradict this assertion by indicating the reason that Mr. Bradford's statement was not "read to the jury" in his case was due to the purported fact that "Mr. Bradford could not be located by the defense or the Commonwealth" at the time of [Appellant's] trial. Furthermore, trial transcripts provided by [Appellant] appear to indicate that the defense was aware of Mr. Bradford's statement and its contents at the time of [Appellant's] trial. Appellant has failed to explain how the

existence of Mr. Bradford's statement could have been withheld from the defense in violation of **Brady** when this statement and the nature of its contents were explicitly referenced, and sought to be introduced as evidence, by the defense at [Appellant's] trial. Thus, [Appellant] has failed to substantiate the alleged fact at issue and his failure to do so is fatal to his time bar claim.

(PCRA Court Opinion, 5/12/25, at 3-5) (unpaginated, some internal citations and footnotes omitted).[4]

The record supports the PCRA court's analysis. As noted, the certified record is incomplete, and the notes of testimony are not contained within. Nevertheless, the notes of testimony provided **by Appellant** confirm that Appellant was aware of the statement of Mr. Bradford as of the date of his trial. During the cross-examination, the following exchange occurred:

[DEFENSE COUNSEL]: Now, Miss Williams, would you be surprised if I told you that Winslow Bradford told the police that your mother opened the door, and not you?

[THE COMMONWEALTH]: Objection, Your Honor. I ask that it be stricken.

THE COURT: Overruled.

[THE COMMONWEALTH]: Third party, Judge.

THE COURT: Don't argue.

[DEFENSE COUNSEL]: Would you be surprised at that?

[THE WITNESS]: Yes.

---

[4] The PCRA court opinion also addresses the claim Appellant made regarding the police patrol activity sheet, but Appellant appears to have abandoned this argument in his brief. (**See** PCRA Court Opinion, 5/12/25, at 5) (unpaginated).

(PCRA Petition, 2/20/22, at 13, Exhibit C, N.T. Trial at 949). Appellant also quoted additional argument taken from the trial, in which the trial court stated:

> [THE COURT]: Yes, I am. I was saying that I would feel much better if somebody could find Bradford because what he said was that this man staggered in, asked for water, and said he had been stabbed on 7th Street. Read it. It's in there. You handed it up to me.

(PCRA Petition, 2/20/22, at 13, Exhibit C, citing N.T. Trial at 1005-06). Defense counsel went on to state that "Winslow Bradford specifically said that [Ms.] Dennison opened the door and not this witness here. He totally contradicts her, that's all I asked his star witness .... regarding the Winslow Bradford statement." (**See id.**) Further, the prosecutor went on to inform the court that **defense counsel** requested to know whether the prosecutor's office or witnesses knew where Mr. Bradford was, but the Commonwealth was unaware of his whereabouts or current address. (**See id.**)

Thus, by his own admission, Appellant was aware of any alleged statement by Mr. Bradford, and the fact that it contradicted Ms. Williams' statement, as of the date of his trial, such that he has failed to prove he "did not know the facts upon which he based his petition[.]" **Howard, supra** at 659. Nor, as a prior panel of this Court held, did he exercise due diligence in attempting to locate Mr. Bradford. **See West, supra**, No. 3620 EDA 2009, at 6-7. Therefore, he cannot satisfy the newly-discovered facts exception to the PCRA time-bar.

Additionally, again based upon the transcripts **provided by Appellant**, there is no indication that the Commonwealth withheld the statement at issue. The record reflects only that Mr. Bradford himself was unavailable at the time of trial. Further, Appellant's petition states only that Mr. Bradford self-reported that he had taken a polygraph, but there is no indication that the test had actually occurred or that the results of said test were in the Commonwealth's possession. Appellant has not shown that the government interfered with his ability to present this claim, nor can he show that he was duly diligent in seeking the facts on which his claims were based where Appellant was aware of the alleged statement in 1983. *See Chimenti, supra*. In sum, Appellant has not established that the government interfered with his access to the allegedly withheld evidence, or that Appellant was duly diligent in seeking that evidence. *See Stokes, supra*. Therefore, Appellant has failed to plead and prove any exception to the PCRA's jurisdictional time bar, and the PCRA court properly dismissed his untimely serial petition. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/30/2026