J-A05019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DIONTE POWELL | : | |
| | : | |
| Appellant | : | No. 681 EDA 2025 |

Appeal from the PCRA Order Entered February 11, 2025
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0004037-2015

BEFORE: KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 23, 2026**

Appellant Dionte Powell appeals from the order denying his second Post Conviction Relief Act[1] (PCRA) petition as untimely without conducting an evidentiary hearing. On appeal, Appellant argues that he met the newly-discovered fact exception to the PCRA time bar and that there were issues of material fact which required a hearing. Following our review, we affirm.

By way of background, Appellant and his co-defendant, Tahir Sutton (Co-Defendant), were charged with robbery and related offenses based on a robbery that occurred in 2014. N.T. Hr'g, 3/11/16, at 3. Appellant and Co-Defendant were subsequently charged with robbery for an additional robbery that occurred in New Jersey days after the crime in the instant case. *Id.* at 5.

---

[1] 42 Pa.C.S. §§ 9541-9546.

On March 11, 2016, Appellant entered a negotiated guilty plea to one count of robbery. At that time, Appellant was already serving his sentence for the New Jersey case. *Id.* Therefore, plea counsel requested that Appellant be immediately transferred back to the New Jersey state prison where he was serving his sentence for the separate robbery case. *Id.* Ultimately, the trial court accepted Appellant's plea and imposed an agreed-upon sentence of four to eight years of incarceration, to run consecutive with Appellant's sentence in New Jersey. *Id.* at 9. Plea counsel also noted that, by law, Appellant would be entitled to any credit for time served, but agreed with the trial court that any time credit would be calculated by the Department of Corrections (DOC). *Id.* at 10.

Appellant filed a *pro se* PCRA petition on August 10, 2023. The PCRA court appointed counsel, who filed a *Turner*/*Finley*[2] letter and a motion to withdraw. Therein, PCRA counsel noted that although Appellant had raised a claim concerning the amount of credit he received for time served, that was an issue for Appellant to resolve through the DOC or the Commonwealth Court. PCRA counsel also concluded that Appellant's claim was meritless, as Appellant had been detained in New Jersey for other charges and received credit for time served on that case, and was not entitled to double credit in the instant case. Ultimately, the PCRA court denied Appellant's petition without a hearing.

_____

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On July 18, 2024, Appellant filed the instant untimely PCRA petition, his second. Therein, Appellant claimed that plea counsel was ineffective and raised the newly-discovered fact exception to the PCRA time bar. Specifically, Appellant claimed that counsel was ineffective for failing to properly advise him concerning the time credit to which he was entitled. On January 15, 2025, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Ultimately, the PCRA court issued an order denying Appellant's petition.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the PCRA court issued a statement adopting the reasoning set forth in its Rule 907 notice.

On appeal, Appellant raises the following issue for review:

Did the PCRA court err by dismissing Appellant's second PCRA petition as untimely without ordering an evidentiary hearing when its timeliness depended on disputed facts — including what plea counsel advised, when Appellant could have discovered the error, and his diligence — that required a hearing to resolve?

Appellant's Brief at 3.

Appellant raises the newly-discovered fact exception to the PCRA based on plea counsel's alleged ineffectiveness. *See id.* at 8-9. Specifically, Appellant argues that plea counsel misrepresented the "the amount of time credit available under the plea," which "remained unknown despite due diligence until current counsel's investigation following Co-Defendant's release from custody in February [of] 2024." *Id.* Appellant claims that "[f]or years,

Appellant operated under the reasonable, albeit mistaken, belief that he had approximately three years of time credited to his Pennsylvania sentence while he completed his term of incarceration in New Jersey." *Id.* at 10. Appellant contends that "this is evidenced by [his] first PCRA petition, which sought to correct his time-credit calculation administratively without asserting an ineffectiveness claim." *Id.* Therefore, Appellant argues that the PCRA court erred in denying his request for an evidentiary hearing. *See id.* at 12.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined

in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the three statutory exceptions set forth at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted).

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." *Id.* (citation omitted). "The

_____

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Myers***, 303 A.3d 118, 121 (Pa. Super. 2023) (citation omitted).

Here, Appellant acknowledges that he was aware of the amount of time credit awarded by the DOC when he filed his first PCRA petition seeking to "correct" his time credit administratively in August of 2023. ***See*** Appellant's Brief at 10. Therefore, Appellant was aware of the facts on which he bases his instant claim in 2023. ***See Brown***, 111 A.3d at 176. Further, although Appellant claims that Co-Defendant's release from prison for unrelated reasons was the event triggering his awareness of the 'new' fact, he is not entitled to relief.[4] ***See Myers***, 303 A.3d at 121. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/23/2026

---

[4] We note that in his brief, Appellant confirms that he "makes no assertion that he is entitled to the same relief as [Co-Defendant]," and that "it was simply [Co-Defendant's] release from custody which prompted the investigation that identified the ineffectiveness of Appellant's plea counsel." ***See*** Appellant's Brief at 10-11. However, as noted previously, "[t]he focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Myers***, 303 A.3d at 121.

- 6 -